39884. ANDERSON v. DeKALB COUNTY.

Decided February 8, 1963.

330

E. T. Hendon, Jr., for plaintiff in error.

George P. Dillard, Hubert O. Edwards, Robert E. Mozley, contra.

JORDAN, Judge. ■ "A county is not liable to suit for any cause of action unless made so by statute" (Code § 23-1502); and where suit is instituted against a county, the petition must show the county's statutory liability in order to set forth a cause of action. Seymore v. Elbert County, 116 Ga. 371 (42 SE 727); Newberry v. Hall County, 52 Ga. App. 472 (183 SE 664).

■ It is contended by counsel for the defendant that the trial court properly sustained the general demurrer to the petition for the reason that the plaintiff's right to maintain this action is predicated upon the DeKalb County Merit System Act (Ga. L. 1956, p. 3111), and that such act does not give the right to sue the county directly without proceeding through the administrative procedures outlined therein, which under the allegations of the petition, has not been done by the plaintiff in this case.

With this contention we must agree. Section 2(a) of said act, supra, p. 3112, authorized the establishment by the governing authority of DeKalb County of a merit system council and section 4(b) of the act, supra, p. 3114, provided that said council shall hear appeals from any employee, coming within the provisions of said act, who claims to have been improperly dismissed; and section 5 of said act, supra, p. 3115, specifically provides that such employee shall have the right of appeal to the merit system council and states that the decision of the council shall be binding upon the governing authority of DeKalb County as to whether such dismissal was for proper cause. While the act makes no express provisions for review by the courts of this State of the decisions of this council, the Supreme Court in the recent case of *Anderson v. McMurry*, 217 Ga. 145 (121 SE2d 22), held that the writ of certiorari lies to review the rulings and findings of such body. Accordingly, it is our opinion that, since the DeKalb County Merit System Act, supra, is the authority upon which the plaintiff's right of redress against the county is predicated, the plaintiff must pursue the remedies set forth in said act and cannot bring this action at law to recover the alleged damages sustained by him as a result of his dismissal by the defendant through its Department of Public Safety.

The fact that the plaintiff was not notified in writing of the reasons for his discharge by the appropriate department head as provided by the rules and regulations adopted by the governing body of DeKalb County pursuant to the provisions of said act would only afford grounds for review of the plaintiff's dismissal by the merit system council and would not, as contended by the plaintiff, deny him the right of review by said council and obviate the necessity of complying with the administrative

procedures set forth in said act. The trial court did not err therefore in sustaining the general demurrer to the petition.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*