This is an appeal from a summary judgment in favor of the City of Eufaula, Mayor George Little, and Police Chief Gene Moore upholding the mayor's dismissal of Lieutenant Ules Guinn from the Eufaula police force. We affirm.
On February 23, 1981, Lt. Guinn, an officer with six years service with the police force, received the following letter from Chief Moore:
 "It has been reported to me that on two recent occasions you have spent considerable time, during your official shift, at a private residence for personal reasons. In addition, you were in the middle of a domestic problem, during your shift, *Page 517 
on Friday night, February 20, 1981, which resulted in calls not only to the Police Department, but to Councilman Walker and me in the middle of the night. It is obvious that your domestic life and problems are interfering with your duties as a supervisor.
 "Service, and particularly as a supervisor, on the Eufaula Police Force demands the highest standards. Taking time from your official supervisory and patrol duties impairs your ability as a supervisor and as a member of the Eufaula Police Force. For these actions you are reprimanded.
 "I am scheduling you for 8 days annual leave effective immediately. I strongly suggest that you make a diligent effort to clear up your domestic affairs so that they will not affect your ability to do your job. A copy of this reprimand will be placed in your personnel file, and any further dereliction of duties will result in more severe action. I expect you to perform in the future with the high standards which we require of every Eufaula Police Officer."
Guinn went on annual leave for 8 days and upon its completion attempted to return to work. When he reported, the Chief told him to take another 8 days' leave. He took it. When Guinn reported for work on March 12, the Mayor greeted him with this letter of termination:
 "This is to notify you that effective immediately, you have been terminated from your position as a Lieutenant with the City of Eufaula, Alabama. This action is taken after complaints were received and an investigation of the complaints, in which statements were taken. After a review of these statements, the action taken is deemed necessary, since the investigation and statements clearly point out that your actions while on duty with the Police Department has greatly affected your ability to adequately perform your job as a supervisor, in that professional judgment on your part as a supervisor for the City of Eufaula shows a dereliction of duty on your part, which is not in the best interest of the City of Eufaula or the employees assigned to work under your command.
 "You have a right to request a hearing in this matter before the Personnel Advisory Panel. This request must be made within seven calendar days of the service of this notice of Disciplinary Termination: The request must be in writing to the Panel and delivered to the Personnel Office at City Hall. At the hearing, you will have a right to appear in your own behalf, you will have a right to call witnesses, you will have a right to be represented by an attorney of your choice, you will have a right to cross-examine witnesses testifying against you, and you will have the right to refuse to testify against yourself, but you may be cross-examined as to any matter relevant to the hearing, if you take the stand voluntarily. You will be entitled to testify under oath and you or your attorney may argue your case.
 "A failure to request a hearing will be construed as a waiver of your rights to such a hearing. If you do not wish a hearing on this matter, please sign the enclosed form and return to us immediately.
 "In the event that you request a hearing, you will be given written notice of the time for the hearing, which will be no sooner than five days nor later than fifteen days after the request is received. Your failure to appear at the hearing will be deemed just cause for dismissal of the hearing in favor of termination."
Guinn timely requested a hearing before the Personnel Advisory Board and his case was heard by the Board on March 31. The Board, complying with its authority under Article X, § 3,Personnel Rules and Regulations, Eufaula, Alabama,[1] recommended to the mayor that Lt. Guinn be reinstated *Page 518 
without back pay, without loss of seniority or benefits, and that the February 23 reprimand remain active six months from the date Guinn came back to work.
The mayor disregarded the Board's decision, and issued his own decision[2] that Guinn be terminated from the police force under the authority of Art. II, § 1, Personnel Rules andRegulations. This section provides:
 "The Mayor shall be ultimately responsible for and have sole authority to employ/discharge all employees in classified service."
Guinn's principal issue on appeal is that he was denied due process and equal protection of the law. We disagree. Guinn was given notice of the charges against him; he was given an opportunity to be heard; he was heard; he was represented by counsel; he called witnesses; and he was given the right to cross-examine witnesses against him. In fact, Guinn was given all rights of due process listed in the Personnel Rules andRegulations.
This court defined due process of law in the case of Zeiglerv. South North Ala. R.R. Company, 58 Ala. 594 (1877), by stating:
 "Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty or property in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved."
In giving this definition, Justice Stone, who authored Zeigler, summarized Webster's definition of due process, given in his argument *Page 519 
of the Dartmouth College case before the United States Supreme Court. Cf. Dartmouth College v. Woodward, 17 U.S. (4 Wheat.) 518, 4 L.Ed. 629 (1819).
Next, Guinn contends that the mayor exceeded his authority by discharging him; that the mayor could not give a greater sanction than that recommended by the Board. We do not interpret the Personnel Rules and Regulations to mean that the Board's recommendation must be followed by the mayor in the matter of discharging a classified employee. The Board's decision is a recommendation which the mayor may or may not accept.
Finally, we opine that summary judgment was proper in this case. Guinn did not present any evidence to counter the evidence submitted by the appellees[3] showing that there was no genuine issue of fact. Under Rule 56 (e), ARCP, Guinn was required to set forth facts showing that there were genuine issues for trial. He did not. The movants were, therefore, entitled to summary judgment.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
[1] "(b) Within seven (7) days reach and send a recommendation to the mayor to either:
 "(1) Ratify the disciplinary termination of an employee of the city;
 "(2) Revoke and disallow the disciplinary termination and direct the person attempting the disciplinary termination to replace the employee in his original position with whatever pay that was lost as a result of his termination; or
 "(3) Take, as he may deem proper, some lesser disciplinary or alternate action.
The mayor shall report his final decision to the city council, to the panel, to the employee, and to the supervisor/department head."
[2] The mayor's decision read as follows:
"It is the responsibility of the Mayor to make the final decision when a disciplinary termination has been appealed to the Personnel Advisory Panel and its recommendations have been delivered to the Mayor.
"Before the Mayor now is the case of Lt. Ules Guinn of the Eufaula Police Department, who was terminated for cause by the Police Chief and whose appeal was heard by the Personnel Advisory Panel.
"The Personnel Advisory Panel has recommended that Lt. Guinn be reinstated, but without back pay.
"Ordinarily, substantial weight is given to the recommendations of the Advisory Panel. Usually it is in a better position to evaluate the testimony because its members have seen and heard the witnesses and the Mayor has not. In this case, however, the Mayor was able to be present and to see and hear the witnesses himself, as well as to examine the written matter.
"It goes without saying that high standards are expected of police officers. The property and the very lives of the citizens depend on them. Particularly high standards are expected of police supervisors. They have great responsibility to their fellow police officers, as well as to the public.
"In the case of Lt. Guinn, there was substantial evidence of dereliction of duty, unknown to his supervisor, over a substantial length of time. Because of his supervisory position, his derelictions were undetected by his supervisor for a long time. Such a situation emphasized the necessity for high standards in one entrusted with a supervisory position. This situation also emphasizes the fact that derelictions by a supervisor are usually more serious than those of his subordinates because his derelictions both set a bad example and are many times less subject to detection because of the power of his supervisory position.
"Recently there was a vicious and brutal murder in Eufaula — the second one in a short period of time. On the night after the murder, Eufaula citizens were justly concerned with police protections. Consequently some police were working overtime and some firemen even were pressed into service to patrol the city. There was substantial evidence to indicate that Lt. Guinn, while shift supervisor, was out of his police vehicle and in a private residence for personal reasons for several hours that night. Such action at such time is particularly irresponsible in a supervisor or any police officer.
"While I appreciate the corrective value of discipline and the comments of the Personnel Advisory Panel in this regard, I cannot concur in its recommendations. In my judgment, under the duty given me by the City Code, Lt. Guinn has demonstrated over a period of time that his conduct as a police officer was beneath the standards required and expected of a police officer.
"It is therefore my decision that the termination of Lt. Guinn be sustained."
[3] Appellees' motion for summary judgment was supported by the pleadings, the Personnel Rules and Regulations of the City ofEufaula, Alabama, and affidavits of Mayor Little, Chief Moore and Ules Guinn.