71571. RAUGHTON v. TOWN OF FORT OGLETHORPE et al.
(338 SE2d 754)

McMURRAY, Presiding Judge.

We granted this discretionary appeal to review the denial by the superior court of appellant's petition for certiorari. Appellant, a police officer of the Town of Fort Oglethorpe, was suspended on July 1, 1983 without pay for a period of seven days and was notified of the suspension in writing by the City Manager. The suspension notice was accompanied by a statement which informed appellant of his right of appeal. The appeal rights of suspended city employees were set forth in Chapter VIII, Section 3 of the Personnel Ordinance. That provision reads: "Any employee who has received disciplinary action and who has completed his or her probation period shall have the right to counsel with the City Manager and if still dissatisfied, the right to appeal to the City Council, whose decision shall be final."

Appellant exercised his right of appeal and a hearing was held before the city council where witnesses were called, examined and cross-examined. At the conclusion of the hearing, the council voted to affirm appellant's suspension.

Appellant thereupon filed a petition for a writ of certiorari in the Superior Court of Catoosa County. The superior court dismissed appellant's petition holding that certiorari was inappropriate because appellant did not seek the review of a judicatory decision. *Held*:

"The writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers, including the judge of the probate court, except in cases

touching the probate of wills, granting letters testamentary, and of administration." OCGA § 5-4-1. Was the act of the city council upholding the suspension of appellant a judicatory act? We think it was.

One cannot dispute the fact that by entertaining appellant's appeal, the city council performed the function of a civil service board. It has been generally held that the rulings of such tribunals are quasi-judicial in nature. *Willis v. Jackson*, 148 Ga. App. 432 (251 SE2d 341). See *Wilson v. Latham*, 227 Ga. 530 (181 SE2d 830); *Thompson v. Dunn*, 102 Ga. App. 164 (115 SE2d 754). We see no reason why the ruling of the city council does not fit into this category. Accordingly, certiorari would lie to review the ruling of the city council. OCGA § 5-4-1; *Heath v. City of Atlanta*, 67 Ga. App. 85 (1) (19 SE2d 746).

We recognize that a council cannot clothe itself with quasi-judicial powers by "mere voluntary compliance with the forms of judicial procedure." *South View Cemetery Assn. v. Hailey,* 199 Ga. 478, 481 (34 SE2d 863). However, we do not think the hearing afforded appellant by the council was a mere gratuity. The personnel ordinance granted appellant the "right of appeal" to the city council. The "right of appeal" meant the right of appellant to have the action of the city manager reviewed and it imported the corresponding duty of the city council to conduct such review openly, fairly and impartially. An impartial and fair review imports the necessity of minimum procedural requirements, i.e., notice and the opportunity to be heard. Thus, the hearing afforded appellant was not a "mere voluntary compliance" with judicial formalities. It was the only way the council could give meaning to appellant's "right of appeal."

The superior court erred in dismissing appellant's petition for a writ of certiorari.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED DECEMBER 3, 1985.

*Renzo S. Wiggins*, for appellant.
*Ronald C. Goulart*, for appellees.