A91A0933, A91A1023. SALTER v. CITY OF THOMASTON (two cases).
(409 SE2d 88)

McMURRAY, Presiding Judge.

Appellant was employed by the City of Thomaston. His employment was terminated and he appealed to the City Manager. Following a hearing in which testimony was presented and preserved, the City Manager made findings of fact and conclusions upholding the termination of appellant's employment. The "decision" of the City Manager, rendered on December 28, 1990, reads: "It is the decision of the City Manager that the termination of the employment of Mr. Salter by Mr. Green is approved, and Mr. Salter's *appeal* therefrom is denied." (Emphasis supplied.)

On January 28, 1991, appellant presented a petition for a writ of certiorari to the superior court. The superior court dismissed the petition, ruling that it was presented out of time.

Appellant sought and we granted a discretionary appeal from the order of dismissal. The discretionary appeal bears Case No. A91A1023. In addition, appellant directly appealed from the order of dismissal. The direct appeal bears Case No. A91A0933. *Held*:

1. We are without jurisdiction to entertain the direct appeal. See OCGA § 5-6-35 (a) (1). Accordingly, Case No. A91A0933 must be dismissed. See *Hogan v. Taylor County Bd. of Education*, 157 Ga. App. 680 (278 SE2d 106).

2. The superior court erred in dismissing appellant's petition for a writ of certiorari. The petition was timely. The last day for filing the

petition for a writ of certiorari fell on a Sunday. Thus, appellant had until Monday, January 28, 1991 to file the petition. OCGA § 9-11-6 (a). The superior court erred in ruling otherwise.

Conceding the petition for a writ of certiorari was presented in a timely fashion, the City argues that the trial court did not err in dismissing the petition anyway because the City Manager did not exercise judicial powers in making his decision. We disagree.

In entertaining appellant's appeal, the City Manager clearly "performed the function of a civil service board. It has been generally held that the rulings of such tribunals are quasi-judicial in nature. [Cits.]" *Raughton v. Town of Fort Oglethorpe*, 177 Ga. App. 171, 172 (338 SE2d 754). Thus, the city manager's decision was subject to review by petition for a writ of certiorari. OCGA § 5-4-1 (a); *Raughton v. Town of Fort Oglethorpe*, supra.

*Appeal dismissed in Case No. A91A0933. Judgment reversed in Case No. A91A1023. Sognier, C. J., and Andrews, J., concur.*

DECIDED JULY 16, 1991.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn*, for appellant.

*Adams, Barfield & Dunaway, David B. Dunaway*, for appellee.