United States Court of Appeals,

Eleventh Circuit.

No. 94-7205.

John BELL, Plaintiff-Appellant,

v.

CITY OF DEMOPOLIS, ALABAMA;  Austin Caldwell, individually and in his official capacity as Mayor of the City of Demopolis, Alabama; Charles Avery, individually and in his official capacity as Police Chief of the City of Demopolis, Alabama, Defendants-Appellees.

June 20, 1996.

Appeal from the United States District Court for the Southern District of Alabama. (No. CV-92-1051-CB-S), Charles R. Butler, Jr., Chief Judge.

Before TJOFLAT, Chief Judge, and RONEY and CAMPBELL[*], Senior Circuit Judges.

PER CURIAM:

In this section 1983 employment discrimination action, plaintiff, a former police officer, alleged he received constitutionally inadequate procedural due process both before and after his termination.  The district court refused to set aside a grant of summary judgment for the defendants, holding that plaintiff had suffered no due process violation.  We affirm.

Plaintiff John Bell was a police officer with the Demopolis, Alabama, police department.  While employed by the department, Bell was disciplined and reprimanded on a number of occasions.  In early June 1992, he was placed on indefinite suspension, and on July 1, 1992, he received written notice of his termination.

Bell's termination was reviewed and affirmed, first by a body

[*]Honorable Levin H. Campbell, Senior U.S. Circuit Judge for the First Circuit, sitting by designation.

comprised of the police chief, the mayor, and select members of the city council called the "police committee," and then by the city council.

Bell then brought this section 1983 action alleging violations of federal substantive and procedural due process of law and state law claims, seeking compensatory and punitive damages, as well as reinstatement.

The district court granted defendants' motion for summary judgment after Bell failed to timely respond. Bell then filed a Fed.R.Civ.P. 60(b) motion asking the court to set aside the defendants' summary judgment based on excusable neglect. After the defendants filed an opposition brief, the court directed the parties to file supplemental briefs addressing the merits of Bell's due process claims in light of this Court's recent *en banc* decision in *McKinney v. Pate,* 20 F.3d 1550 (11th Cir.1994), *cert. denied, --- U.S. ----,* 115 S.Ct. 898, 103 L.Ed.2d 783 (1995).

The district court denied Bell's motion for relief from judgment, holding that even if it were inclined to set aside the judgment based on excusable neglect, there was no need to do so because Bell could raise no genuine issue of material fact in opposition to the summary judgment motion. It held that (1) pursuant to *McKinney,* Bell's substantive due process claim fails as a matter of law; (2) because Alabama has available a satisfactory means by which Bell can seek redress for any procedural due process deprivation, he does not have a cognizable procedural due process claim, and (3) there was no state law wrongful discharge claim.

Bell argues that *McKinney* is not dispositive of his procedural

due process claim. In *McKinney,* the plaintiff based his due process claim on the alleged bias of the decision maker at his pretermination hearing. The *en banc* court held that the alleged wrongful discharge of an employee by a state actor does not give rise to a substantive due process claim but instead implicates only procedural due process. The Court determined that the State of Florida's remedy for a biased decision maker, review by Florida courts, satisfied due process.

Bell attempts to distinguish *McKinney* in three ways. *First,* Bell asserts here that Alabama courts do not offer the same "thorough, almost de novo, review" of Florida's circuit courts. Alabama courts, however, like Florida courts, review employment termination proceedings both to determine whether they are supported by substantial evidence and to see that the proceedings comport with procedural due process. *See, e.g., Ex Parte Tuskegee,* 447 So.2d 713 (Ala.1984); *Guinn v. Eufaula,* 437 So.2d 516 (Ala.1983).

*Second,* Bell describes his attack as one on the termination process itself, whereas the plaintiff in *McKinney* challenged procedures as they applied to him. For the first time in his supplemental brief in support of his motion to set aside the judgment, Bell stated his challenge was "to the state's system itself, and its failure to ever provide him with a proper evidentiary hearing with counsel, witnesses, and cross-examination." Bell's characterization cannot belie the fact that the meat of his complaint—bias on the part of the police committee and the city council and inadequate time to speak in his

post-termination hearing—amounts to an "as applied" attack. The evidence before the district court indicates that Bell was in no way restricted from being represented by counsel or examining and cross-examining witnesses. At no time did Bell present any evidence to the contrary. In fact, Bell stipulated in the pretrial order that he had no complaints about how his hearings were handled.

*Third,* Bell distinguished his challenge from the type of process challenged in *McKinney.* The plaintiff in *McKinney* attacked only the adequacy of the *pre* termination process he received, positing his challenge directly in federal court instead of seeking post-termination review in the state system. Bell, on the other hand, challenged primarily the post-termination process, having pursued state court remedies. The controlling factor in *McKinney,* however, was that the state had a mechanism in place which appears adequate to remedy *any* procedural due process violations. Though the plaintiff in *McKinney* did not pursue post-termination remedies, this Court determined that because there was an adequate state remedy available—state court review—no due process violation existed. Likewise in this case, the state offers an adequate remedy in the form of administrative as well as state court review.

Alternatively, Bell argues that *McKinney* was wrongly decided and should be overturned. This panel, however, is bound by prior panel decisions of the Eleventh Circuit, and, of course, the decisions of the *en banc* court, such as *McKinney.*

The district court correctly held that considering all the evidence in the light most favorable to Bell, he has failed to

establish a genuine issue of material fact and is therefore not entitled to obtain relief from judgment in this case.

AFFIRMED.