A97A2240, A97A2241. BOARD OF COMMISSIONERS OF
EFFINGHAM COUNTY et al. v. FARMER; and vice versa.
(493 SE2d 21)

BIRDSONG, Presiding Judge.

This suit arises from the termination of appellee/cross-appellant, William A. Farmer, as the County Administrator of Effingham County. Following his termination, Mr. Farmer brought suit averring violation of his rights to procedural due process, a state law breach of contract claim, and state law slander claims against two of the individual commissioners.

In Case No. A97A2240, appellants/cross-appellees Board of Commissioners of Effingham County et al. appeal from the order of the superior court granting partial summary judgment to appellee Farmer on his federal due process claim (42 USC § 1983), specifically from its holding that Farmer's procedural due process rights were violated between June 7, 1994 and July 25, 1994, and from the denial of appellants' motion for summary judgment on Farmer's due process claim. In Case No. A97A2241, cross-appellant Farmer appeals from the order granting cross-appellees' (Board and individual Commissioner's) motion for summary judgment in part and denying cross-appellant's motion for summary judgment in part; specifically cross-appellant Farmer appeals from the grant of summary judgment in behalf of cross-appellees as to the slander claims and as to the Board's lack of liability for his termination subsequent to July 25, 1994. *Held*:

### Case No. A97A2240

1. Appellants contend the trial court erred in granting partial summary judgment to appellee Farmer and denying summary judgment to appellants on the federal procedural due process claim brought pursuant to 42 USC § 1983. We agree.

The parties are in agreement that appellee Farmer was vested with a property interest in continued employment, under Georgia law, because his employment status could only be terminated for cause. *Jones v. Chatham County,* 223 Ga. App. 455, 456, n. 1 (477 SE2d 889). Where it is established that a protected property interest exists, federal law governs what minimal due process requirements

exist under the existing situation. See *Shaw v. Oconee County*, 863 FSupp. 1578, 1581 (6) (M.D. Ga.). Farmer, as county administrator, could only be terminated for cause; he thus enjoyed a federally protected property interest in his employment. *Jones*, supra.

Appellee Farmer was employed as county administrator for Effingham County, Georgia, from June 8, 1993 until June 7, 1994 (the date his employment was terminated). This termination was accomplished notwithstanding the advice of the assistant county attorney to give appellee three days' oral or written notice of termination.

On June 7, 1994, the Board of Commissioners passed a motion to abolish the position of county administrator, effective in 30 days, however, this motion was rescinded and a motion was spontaneously made and passed to terminate Farmer's employment as county administrator. In response, Farmer stated that he considered the action inappropriate and did not desire to comment further. A motion was then made and passed to give Farmer 30-days' salary.

On June 16, 1994, the Board voted to uphold Farmer's termination. Subsequently, the county attorney sent Farmer a notice of final disciplinary action listing five reasons for the termination. The notice confirmed Farmer's termination effective June 7, 1994, and informed him of his right to appeal to the Board pursuant to the personnel policy. On June 20, 1994, Farmer filed notice of appeal. On July 11, 1994, the Board met in special session to hear Farmer's appeal. Farmer was accorded a public hearing and the opportunity to present witnesses and other evidence. At Farmer's request, the Board then met in executive session to discuss the charge that Farmer was unable to communicate effectively with other county officials. The Board took the matter under advisement. On July 25, 1994, the Board reaffirmed in writing its decision to terminate Farmer.

The type of § 1983 claim here at issue is a claim brought for a violation of procedural due process. See generally *McKinney v. Pate*, 20 F3d 1550 (11th Cir.). Procedural due process in cases of this nature requires oral or written notice of the charges and some type of pre-termination hearing which provides an explanation of the employer's evidence and an opportunity for the employee to present his side of the story before employment termination. See generally *Jones*, supra at 456 (2); *Shaw*, supra at 1581 (9)-(12).

However, in adjudicating procedural due process violation claims, "the existence of state remedies *is* relevant in a special sense. In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U. S. 113, 125 (119 SC 975, 108 LE2d 100). That is, "[t]he consti-

tutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete *unless and until* the State fails to provide due process." (Emphasis supplied.) Id. at 126; accord *McKinney*, supra at 1557 (6) and 1560.

Procedural due process generally requires some type of hearing and some type of notice before termination of employment. *Zinermon*, supra at 127. In some situations, however, such as those where quick action by the State is necessary or where it is otherwise impractical to provide any pre-deprivation process, due process is satisfied where the State's procedures provide for a post-deprivation hearing, or provide a common-law tort remedy for erroneous deprivation. *Zinermon*, supra at 128. Pre-deprivation hearings are not required, for example, where the deprivation suffered is the result of a random and unauthorized act by a State employee, as in these cases, the deprivation is "not a result of some established state procedure and the State cannot predict precisely when the loss will occur." Id. at 129. In this case, the deprivation appellee sustained was the result of a random, unauthorized act by the Board. A random, unauthorized action can result from negligent or intentional acts by individual government officials, so long as the officials are not "acting pursuant to any established state procedure." *Zinermon*, supra at 130. There existed no way for the State or County to predict the events leading to the maverick termination action that occurred in this case and, in this particular instance, to provide for a meaningful hearing procedure that would preclude such type of deprivation action. The Commissioners' action was random and unauthorized as opposed to action resulting from adherence to established governmental procedure. In this context, the individual Commissioner's ability to foresee the deprivation is of no consequence; the proper inquiry is whether the state is in a position to provide for pre-deprivation process, under the attendant situation (id. at 130), and we find it was not. Thus, an adequate post-deprivation remedy would provide the requisite procedural due process in this situation thereby precluding the ripening of a procedural due process violation. Id.; compare *Bell v. City of Demopolis, Ala.*, 86 F3d 191 (11th Cir.); *Narey v. Dean*, 32 F3d 1521 (11th Cir.); *McKinney*, supra. (*Burch v. Apalachee Community &c. Svcs.*, 840 F2d 797 (11th Cir.) and *Fetner v. City of Roanoke*, 813 F2d 1183 (11th Cir.), which pre-date *McKinney*, supra, are distinguishable and not controlling.) It is within this legal framework that we examine this termination procedure for constitutional adequacy. *Zinermon*, supra at 126 (examine procedural safeguards of termination procedure and any post-deprivation remedies provided by statute or tort law).

The policy pertaining to notice of proposed disciplinary action pertinently provides for a mandatory three-day oral or written notice

of the proposed disciplinary action; the right to respond orally, in writing, or both, to the pending charges to the reviewing officials; and additional investigation may be conducted by the reviewing official. If the adverse personnel action continues, the policy provides for notice of final disciplinary action and an appeal procedure. Under this procedure the reviewing authority issues final notice of determination of final action which includes, inter alia, notice of final disciplinary action to be taken; the specific charges or reasons for the adverse action; the effective date on which final action is taken; advice to the employee of right to request a hearing, within ten working days after the effective date, before the Board of Commissioners, or to a committee appointed by them, by filing a written appeal; advice to employee as to his right to be present and to have a representative present at the hearing, to present testimonial and documentary evidence, and to cross-examine persons testifying against him. This procedure is *facially* adequate to provide Farmer with the requisite procedural due process, that is, adequate notice and opportunity for some form of hearing providing an opportunity to be heard. See generally *Zinermon*, supra at 127; *Shaw*, supra at 1581 (6) & (8) (these safeguards are all that is required to provide adequate procedural due process, as the Fourteenth Amendment Due Process Clause is not a guarantee against incorrect or ill-advised personnel decisions).

Pretermitting whether Farmer was denied a meaningful pre-termination hearing before an unbiased reviewing authority is whether his failure to follow existing state judicial review remedies prevents his claim of a procedural due process violation from becoming actionable. We hold that it does. A procedural due process right violation is not shown unless and until the State fails to provide due process. *Zinermon*, supra at 123; *Merritt v. Brantley*, 936 FSupp. 988, 991 (S.D. Ga.) (flaw is not the failure to exhaust but the failure to show absence of an adequate state remedy). The burden is on the plaintiff to plead and prove that the State did not provide him with an adequate post-deprivation remedy. *Merritt*, supra at 991.

OCGA § 5-4-1 (a) pertinently provides: "The writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers," except in certain cases not here applicable. The trial court, however, erroneously concluded that certiorari would not lie in this case, because the Commission implemented the personnel policy in such a way that Farmer did not receive a hearing before a disinterested adjudicator. "In determining whether a writ of certiorari is the appropriate method of review we must decide whether the hearing officer whose order is being reviewed exercised judicial or quasi-judicial powers"; the particular function performed at the hearing must be evaluated. *Mack II, Inc. v.*

*City of Atlanta*, 227 Ga. App. 305, 307 (1) (489 SE2d 357). Applying the *Mack II* test in its totality and considering all factors therein deemed relevant, we find that the hearing authority exercised quasi-judicial power. Basically, "[t]he hearing [body] engaged in a decision-making process, which is 'akin to a judicial act.'" Id. at 310 (1). "In entertaining [Farmer's] appeal the [Board of Commissioners] clearly 'performed the function of a civil service board. It has been generally held that the rulings of such tribunals are quasi-judicial in nature.'" *Salter v. City of Thomaston*, 200 Ga. App. 536, 537 (409 SE2d 88), citing *Raughton v. Town of Fort Oglethorpe*, 177 Ga. App. 171 (338 SE2d 754); but compare *Ga. Farm &c. Ins. Co. v. DeKalb County*, 167 Ga. App. 577, 578 (1) (306 SE2d 924) (hearing regarding liability for business taxes). Further, procedural "'due process (does not) require the state to provide an impartial decisionmaker at the pre-termination hearing. The state is obligated only to make available "the means by which (the employee) can receive redress for the deprivation."'" *McKinney*, supra at 1562 (18); compare *Swafford v. Dade County Bd. of Commrs.*, 266 Ga. 646, 647 (2) (469 SE2d 666); *Southeastern Greyhound Lines v. Ga. Public Svc. Comm.*, 181 Ga. 75 (181 SE 834) (revocation of a certificate of public convenience) is distinguishable. The state courts of Georgia provided an adequate post-deprivation remedy to Farmer; his claims of lack of timely and specific notice, lack of an adequate pre-termination hearing and opportunity to be heard, and lack of a disinterested and unbiased decisionmaker all could be addressed before a court of this state had appellant chosen to utilize this available post-deprivational judicial remedy. The trial court erred in granting Farmer summary judgment in part and denying appellant Board complete summary judgment on the § 1983 claim. *Mack II*, supra; compare *Atlanta City School District v. Dowling*, 266 Ga. 217 (466 SE2d 588); *Jones*, supra; *Salter*, supra; *Narey*, supra; *McKinney*, supra.

2. In view of our holding in Division 1, above, the individual defendants were entitled to summary judgment as to the § 1983 claims.

Additionally, the trial court erred in denying the individual defendants' motion for summary judgment on grounds of qualified immunity. "In all but the most exceptional cases, qualified immunity protects government officials performing discretionary functions from the burdens of civil trials and from liability for damages. [Cit.] Public officials are entitled to qualified immunity from 'liability for civil damages insofar as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known.' [Cit.] Therefore, in order to succeed, the plaintiff in a civil rights [§ 1983] action has the burden of proving that a reasonable public official could not have believed that his or her actions

were lawful in light of clearly established law. [Cit.]" (Emphasis supplied.) *Harris v. Bd. of Ed. &c.*, 105 F3d 591, 595 (11th Cir.) The test for determining whether a defendant is protected from suit by reason of qualified immunity is the objective reasonableness of the defendant's conduct as measured by reference to clearly established law; in this regard, a reasonably competent public official should know the established law governing his conduct. *Gardner v. Rogers*, 224 Ga. App. 165, 167 (480 SE2d 217). "For the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." *Lassiter v. Alabama A & M Univ. &c.*, 28 F3d 1146, 1149 (8) (11th Cir.). " 'General propositions have little to do with the concept of qualified immunity.' [Cit.] 'If case law, *in factual terms*, has not staked out a bright line, qualified immunity almost always protects the defendant.' [Cits.] . . . For qualified immunity to be surrendered, pre-existing law *must dictate*, that is, *truly compel* (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances*." (Emphasis supplied; last emphasis in original.) *Lassiter*, supra at 1150 (10-11). At the time of this incident, there existed no law in concrete and factually defined context that would have compelled the Board to conclude that its actions violated federal law in the existing circumstances; particularly as adequate post-deprivation remedies appeared to exist and the Board, although terminating Farmer, voted at the time to give him 30-days' salary though he was to be relieved of duties immediately. Thus, we conclude that appellee failed, inter alia, to carry its burden under *Harris*, supra.

## Case No. A97A2241

3. In view of our holding in Division 1, above, cross-appellant's first enumeration of error is without merit. Cross-appellees/appellants were entitled to a grant of summary judgment as to cross-appellant's § 1983 claim for wrongful termination.

4. The trial court did not err by granting Commissioner Allen's and DeLong's motion for summary judgment as to cross-appellant's slander claims. The statements attributed to the two commissioners "were not defamatory because they were expressions of opinion concerning plaintiff's professional abilities." *Fuhrman v. Eds Nanston, Inc.*, 225 Ga. App. 190 (2) (483 SE2d 648). "The expression of opinion on matters with respect to which reasonable men might entertain differing opinions is not slanderous. The relative abilities of [a county

administrator] is patently such a matter, wholly subjective and not capable of proof or disproof. [Cross-appellees] here are entitled to express such opinions. An assertion that cannot be proved false cannot be held slanderous. A speaker cannot be sued for simply expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it may be." (Citations and punctuation omitted.) *Elder v. Cardoso*, 205 Ga. App. 144, 145 (1) (421 SE2d 753). Moreover, the mere fact that one of the commissioner's statements to the effect that Farmer was hurting the county as a whole, was made to a newspaper under unestablished circumstances does not change this rule. Not only are commissioners expected to publicly account for their official actions, the statement itself clearly was not capable either of being proved or disproved. Compare *Furhman*, supra; *Elder*, supra; *Bergen v. Martindale-Hubbell, Inc.*, 176 Ga. App. 745 (337 SE2d 770). The trial court did not err in granting cross-appellees' motion for summary judgment as to the slander claims.

*Judgment affirmed in Case No. A97A2241. Judgments affirmed in part and reversed in part in Case No. A97A2240. Ruffin and Eldridge, JJ., concur.*

DECIDED OCTOBER 15, 1997.

*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Gregory T. Carter*, for appellants.
*Buchsbaum & Lowe, Alan S. Lowe*, for appellee.