A02A0888. CRUMPLER v. HENRY COUNTY.
(571 SE2d 822)

BARNES, Judge.

After the grant of a discretionary appeal, David Crumpler challenges the superior court's dismissal of his petition for a writ of certiorari because he failed to exhaust an administrative remedy. Crumpler, a Henry County police sergeant, was demoted to the rank of a patrolman because of disciplinary action taken by the police department. He appealed his demotion to the county manager. Following a

hearing, the county manager affirmed the demotion. Crumpler then petitioned the superior court for a writ of certiorari to review the county manager's decision.

The County answered denying error and alleged that Crumpler had failed to exhaust the administrative remedy available to him. The County then moved to dismiss the petition for certiorari, asserting that Crumpler failed to appeal the county manager's decision to the board of county commissioners. The superior court granted the motion, and this appeal followed. Because we find that Crumpler was not required to petition the board of commissioners to review the manager's decision, the superior court erred by dismissing the petition for certiorari.

Henry County Ordinance No. 99-01 provides that a county employee "shall have the right to petition the Board of Commissioners to review a decision of the county manager which upholds or imposes a suspension without pay, a demotion involving a reduction in pay, or a termination of employment." As Crumpler did not petition the board of commissioners, the question before us is whether Crumpler was *required* to petition the board of commissioners before seeking a writ of certiorari to review the county manager's decision.

It is important to note, however, that this ordinance does not grant Crumpler the right to appeal the county manager's decision. Instead, Crumpler only had the right to *"petition"* the Board to consider his case. According to the ordinance, "whether to permit such an appeal shall, in all cases, be within the discretion of the Board of Commissioners." Ordinance No. 99-01, Sec. VIII, Par. 2. The ordinance also provides that the board may restrict its review to the record of the hearing before the county manager or conduct a de novo proceeding. Id. Further, Ordinance No. 99-01, Sec. VIII, Par. 3, provides that the "failure of an employee to file appropriate documents necessary to pursue an appeal within the time limitations contained herein shall constitute a waiver and forfeiture of the employee's right to appeal or seek discretionary review." The ordinance does not address the effect of such a default on an employee seeking judicial review of the county manager's decision. Most significantly, nothing in the ordinance requires an employee to petition for discretionary review before seeking certiorari in the superior court.

Although a writ of certiorari was once a constitutional remedy[1] (see *Morman v. Pritchard,* 108 Ga. App. 247 (132 SE2d 561) (1963)), our present constitutional provision dealing with the jurisdiction of superior courts, Ga. Const. of 1983, Art. VI, Sec. IV, Par. I, does not

---

[1] Earlier constitutions of Georgia expressly granted to the superior courts the "power to correct errors in inferior judicatories by writ of certiorari." (Punctuation omitted.) *Morman v. Pritchard,* 108 Ga. App. 247, 254 (1) (c) (132 SE2d 561) (1963).

grant the superior courts this power specifically. Instead, our constitution now provides that the "superior courts shall have such appellate jurisdiction, either alone or by circuit or district, as may be provided by law." Id.

Nevertheless, certiorari remains a statutory remedy available when an inferior judicatory exercises judicial or quasi-judicial powers. OCGA § 5-4-1 (a);[2] *Morman v. Pritchard*, supra, 108 Ga. App. at 250. Although the General Assembly has the power to require the exhaustion of *all* administrative remedies possible in cases such as this (see OCGA § 45-20-9 (h)[3]), it has not done so in cases concerning county employees. Consequently, the availability of a discretionary appeal to the board of county commissioners does not necessarily mean that Crumpler was required to exhaust that remedy before pursuing the statutory remedy available to him.

In *Morman v. Pritchard*, supra, 108 Ga. App. at 250, a teacher appealed her termination to the county board of education, which upheld the discharge. Although the teacher had available the right to appeal the county board of education's decision to the state board of education, the teacher chose to petition the superior court for review by writ of certiorari. On appeal, this Court held that the remedy of certiorari from a judicial decision of a county board of education is available directly to the superior court without first exhausting the authorized appeal to the state board of education. Id.

Even though *Morman* was based in part on the writ of certiorari being a constitutional remedy, the writ remains a statutory remedy to correct "errors committed by any inferior judicatory or any person exercising judicial powers. . . ." OCGA § 5-4-1 (a). Therefore, if Crumpler's hearing before the county manager was a quasi-judicial hearing, and if the availability of petitioning for a writ of certiorari has not been otherwise limited by law, he would be authorized to seek relief in the superior court without pursuing a discretionary appeal to the board of commissioners.

The hearing before the county manager was a quasi-judicial hearing because it included notice, a hearing, and factual findings

---

[2] "The writ of certiorari shall lie for the correction of errors committed by any inferior judicatory or any person exercising judicial powers, including the judge of the probate court, except in cases touching the probate of wills, granting letters testamentary, and of administration."

[3] Any party, including the state and any state board, bureau, commission, or department, who has exhausted *all* administrative remedies *available* before the board and who is aggrieved by a final decision or order of the board on any hearing may seek judicial review of the final decision or order of the board in the superior court of the county of the place of employment of the employee. (Emphasis supplied.)

and conclusions. *Mack II, Inc. v. City of Atlanta*, 227 Ga. App. 305, 307 (1) (489 SE2d 357) (1997); *Salter v. City of Thomaston*, 200 Ga. App. 536, 537 (409 SE2d 88) (1991).

> "In determining whether a writ of certiorari is the appropriate method of review we must decide whether the hearing officer whose order is being reviewed exercised judicial or quasi-judicial powers"; the particular function performed at the hearing must be evaluated. *Mack II, Inc. v. City of Atlanta*, [supra, 227 Ga. App. at 307]. Applying the *Mack II* test in its totality and considering all factors therein deemed relevant, we find that the hearing authority exercised quasi-judicial power. Basically, "the hearing (body) engaged in a decision-making process, which is 'akin to a judicial act.' " Id. at 310 (1). "In entertaining [Crumpler's] appeal the [county manager] clearly 'performed the function of a civil service board. It has been generally held that the rulings of such tribunals are quasi-judicial in nature.' " *Salter v. City of Thomaston*, [supra, 200 Ga. App. at 537], citing *Raughton v. Town of Fort Oglethorpe*, 177 Ga. App. 171 (338 SE2d 754) [(1985)].

*Bd. of Commrs. of Effingham County v. Farmer*, 228 Ga. App. 819, 822-823 (1) (493 SE2d 21) (1997). The

> basic distinction between an administrative and a judicial act by officers other than judges is that a quasi-judicial action, contrary to an administrative function, is one in which all parties are as a matter of right entitled to notice and to a hearing, with the opportunity afforded to present evidence under judicial forms of procedure.

(Citations, punctuation and emphasis omitted.) *Morman v. Pritchard*, supra, 108 Ga. App. at 253 (1) (b). In this instance, the county manager's decision was a quasi-judicial action subject to certiorari review.

County Ordinance No. 99-01 recognizes this fact by providing that it is the county manager's decision that an employee appeals when the Board denies an employee's permission for an appeal. Therefore, Crumpler was entitled to petition for a writ for certiorari without first asking the board of county commissioners to review his case.

We have found no authority requiring Crumpler to pursue a discretionary appeal to the board of commissioners before seeking review of the county manager's decision in the superior court. Further, none of the cases relied upon by the trial court and the County

for the proposition that Crumpler was required to petition for the discretionary hearing before the Board involved an appeal from a judicial or quasi-judicial hearing which had taken place prior to the hearing demanded by the exhaustion of administrative remedies requirement. See *Irvin v. Jenkins*, 233 Ga. 16 (209 SE2d 610) (1974); *Douthit v. State of Ga.*, 180 Ga. App. 464 (349 SE2d 493) (1986); *Miles v. Bibb County*, 177 Ga. App. 364 (339 SE2d 316) (1985); *Anderson v. DeKalb County*, 107 Ga. App. 328 (130 SE2d 140) (1963).

Our constitution provides that "[t]he General Assembly may by general law authorize the establishment by county governing authorities of civil service systems covering county employees or covering county employees and employees of the elected county officers." Ga. Const., Art. IX, Sec. I, Par. IV. In 1986, the General Assembly implemented that provision by enacting OCGA § 36-1-21 which authorized a board of commissioners to create a civil service system for county employees. Additionally, the board of commissioners is also authorized to create the position of county manager and vest in that office "powers, duties, and responsibilities of an administrative nature." OCGA § 36-5-22 (a). Further, the board of commissioners, with the approval of the voters, is also authorized to create a county police force (OCGA § 36-8-1) and to "make rules and regulations for the conduct, management, and control" of the county police. OCGA § 36-8-7.

We acknowledge that exhaustion of administrative remedies is

> a valuable tool which smoothes the flow of the governmental process. The removal of the exhaustion requirement would encumber government with needless interruptions and burden the courts with decisions which are more executive than judicial. For this reason, only in rare instances will the requirement of exhaustion be relaxed. This will be the case only when the administrative remedy exacts a price which causes it to be no remedy at all.

*Moss v. Central State Hosp.*, 255 Ga. 403, 404 (339 SE2d 226) (1986). Nevertheless,

> [t]he mere existence of an unexhausted administrative remedy does not, standing alone, afford a defendant an absolute defense to the institution of a legal action. Decisions to the effect that a failure to invoke administrative remedies precludes or renders premature a resort to the courts are based upon statutes which by express terms or necessary implication give to the administrative board exclusive jurisdiction or which make the exhaustion of administrative remedies a condition precedent to judicial action. A litigant is not

required to exhaust an optional administrative process before seeking redress to the courts.

(Citations, punctuation and emphasis omitted.) *Hunnicutt v. Ga. Power Co.*, 168 Ga. App. 525, 526 (1) (309 SE2d 862) (1983). The County has neither argued nor presented us with authorities showing that either Henry County or the General Assembly has enacted ordinances or legislation requiring employees to exhaust every possible administrative avenue of relief available before seeking certiorari.

Therefore, we find that the county manager's decision was subject to review by petition for writ of certiorari without first petitioning the board of commissioners for a discretionary review, and that the trial court erred by dismissing Crumpler's petition.

*Judgment reversed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED SEPTEMBER 27, 2002.

*Donald C. English*, for appellant.
*David P. Brenskelle*, for appellee.