[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-13272
Non-Argument Calendar
_____

D.C. Docket 4:11-cv-00079-CDL


MOSI TYRONE WELLS,

Plaintiff-Appellant,

versus

COLUMBUS TECHNICAL COLLEGE,
LINN M. STOREY,
J. ROBERT JONES,
WILLIAM COOPER,
RONNIE MCBRIDE,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 27, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Mosi Wells, proceeding *pro se*, appeals the district court's dismissal of his civil rights complaint, filed pursuant to 42 U.S.C. § 1983. Mr. Wells, a former student at Columbus Technical College, alleged that the school and some of its officials violated his Fourteenth Amendment due process rights by suspending him without a hearing. After a review of the record and the parties' briefs, we affirm.

Mr. Wells, a former welding student at Columbus Tech, was suspended for 12 months after multiple incidents of "unacceptable behavior." In the first incident, which resulted in a written warning, Mr. Wells was involved in a verbal and physical altercation with another student. The exact details of the second incident are unclear, but involved Mr. Wells and two other students. Dr. Linn Storey, Vice-President of Academic Affairs, read Mr. Wells the second incident report, and warned him that another incident would result in a suspension. In the third incident, Mr. Wells confronted two of his teachers, Mr. William Cooper and Mr. Ronnie McBride, and accused them of lying in the second incident report. After a brief verbal exchange, Mr. McBride asked him to leave, but Mr. Wells refused. Campus security eventually escorted Mr. Wells off campus.

Vice-President Storey sent Mr. Wells a suspension letter, which set forth a 12-month suspension for violations of the Student Code of Conduct. Mr. Wells filed a written notice of appeal to the Office of the President. President J. Robert Jones upheld the suspension, citing Mr. Wells' "inability to manage [his] anger."

Mr. Wells filed a *pro se* complaint under § 1983 against Columbus Tech, President Jones, Vice-President Storey, Mr. Cooper, and Mr. McBride seeking damages, an injunction, and declaratory relief. The district court liberally construed the complaint as alleging claims against the Columbus Tech officials in their individual and official capacities. The court dismissed the claims against Mr. Cooper and Mr. McBride, finding the complaint "completely devoid of any meaningful factual allegations against [them]." Mr. Wells does not appeal this ruling. The court also dismissed the claims against the remaining defendants because (1) Columbus Tech, which is part of the Technical College System of Georgia, and its officials sued in their official capacities, were immune from suits for monetary damages under the Eleventh Amendment; (2) the Eleventh Amendment barred the injunctive and declaratory relief claims against Columbus Tech and its officials, as Mr. Wells was attempting to "remedy alleged past violations of his constitutional rights;" (3) the individual defendants were entitled to qualified immunity for denial of a pre-deprivation hearing; (4) Mr. Wells failed to state a procedural due process claim for denial of a post-deprivation hearing when an adequate state court remedy existed; and (5) Mr. Wells failed to allege the denial of a fundamental right to properly implicate substantive due process.

On appeal, Mr. Wells asserts that the defendants were not entitled to qualified immunity and the district court erred in dismissing his procedural and

3

substantive due process claims. He primarily focuses on Vice-President Storey's alleged failure to comply with Columbus Tech's policies regarding the investigation of "unacceptable behavior," President Jones' failure to "remedy the errors by [Dr.] Storey on appeal," and his alleged entitlement to a hearing before and after he was suspended.[1]

Mr. Wells does not appear to challenge the district court's dismissal of all claims against Columbus Tech and its employees in their official capacities. Even if we liberally construe Mr. Wells' appellate brief, however, such an argument would fail. Neither a state nor state officials acting in their official capacities are "persons" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Mr. Wells cannot sue Columbus Tech (a state entity for Eleventh Amendment purposes), or its officials in their official capacities under § 1983, absent a claim under *Ex Parte Young*, 209 U.S. 123 (1908). Therefore, we focus solely on the claims against the individual defendants.

Mr. Wells' substantive due process claim fails as a matter of law. Substantive due process protects fundamental rights and liberty interests. *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Although Mr. Wells alleges he was denied the right to an education and to learn a trade, education is not a right

---

[1] We do not reach Mr. Wells' claim of reputational injury because this allegation does not appear in his complaint, and the district court did not abuse its discretion in declining to consider it for the first time on a motion to reconsider. *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

4

"granted to individuals by the Constitution." *Plyler v. Doe*, 457 U.S. 202, 221 (1982). The district court therefore did not err in dismissing this claim.

As for procedural due process, a student generally should be afforded notice and an opportunity to be heard before being suspended from a state school. *See Goss v. Lopez*, 419 U.S. 565, 581–82 (1975). *See also Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194, 1197 (11th Cir. 2011) ("[D]epriving a public school student of a pre-suspension hearing constitutes a violation of due process"). But where the student's "presence poses a continuing danger to persons or property or an ongoing threat of disrupting the academic process," a student can be immediately removed from school without a pre-deprivation hearing, though "the necessary notice and rudimentary hearing should follow as soon as practicable." *Goss*, 491 U.S. at 582–83. This circuit has not definitively settled the specific nature of the process due a student in an emergency situation. *See Barnes v. Zaccari*, 669 F.3d 1295, 1306 (11th Cir. 2012) (leaving issue open).

Even if school officials fail to provide adequate due process, they may be immune from suit in their individual capacities under the doctrine of qualified immunity. "Qualified immunity shields government officials sued in their individual capacity from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Castle*, 631 F.3d at 1197 (internal quotation marks omitted).

To claim qualified immunity, the defendants must first show that they were performing a discretionary function, which the parties here do not dispute. *See Barnes*, 669 F.3d at 1303. Then the burden shifts to the plaintiff to show that the defendants violated a constitutional right that was clearly established at the time of the violation. *See id.* We review the district court's decision to grant qualified immunity on a motion to dismiss *de novo*, and accept the factual allegations in the complaint as true. *See Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003).

We need not decide whether Mr. Wells' right to due process was violated, because the district court correctly determined that the right was not clearly established at the time of the alleged violation. A right is "clearly established" when it is clear to a reasonable official that his conduct is unlawful under the circumstances. *See Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002). Based on the state of the law at the time of Mr. Wells' suspension, a reasonable school official could have concluded that the "continuing danger" exception applied, thereby obviating the need for a pre-suspension hearing. Although the details of each incident leading to his suspension are not completely clear, the record establishes that Mr. Wells was involved in a physical altercation with another student several weeks before he was ultimately suspended. He also disrupted the academic process by accusing his teachers of lying and refusing to leave the welding shop upon his teacher's request. In light of these facts and the

6

limited number of cases interpreting the "continuing danger" exception, a reasonable school official could have concluded that Mr. Wells "posed a continuing danger to persons or property or an ongoing threat of disrupting the academic process," such that a pre-suspension hearing was not required. The district court properly concluded that under these circumstances, the defendants were entitled to qualified immunity.[2]

Mr. Wells also challenges the district court's conclusion that he failed to state a procedural due process claim for denial of a post-deprivation hearing because an adequate remedy existed in state court. "[P]rocedural due process violations do not even exist unless no adequate state remedies are available." *Cotton v. Jackson*, 216 F.3d 1328, 1331 n.2 (11th Cir. 2000). In his appellate brief, Mr. Wells acknowledges that mandamus is an available state remedy, *see* O.C.G.A § 9-6-20, but claims this remedy is inadequate because the process would take more than six months and could not fully compensate him for his perceived losses. We disagree. So long as the state court has the power to remedy any procedural alleged deficiency, Mr. Wells was not deprived of due process. *See McKinney v. Pate*, 20 F.3d 1550, 1564 (11th Cir. 1994) (*en banc*) ("[T]he presence of a satisfactory state remedy mandates that we find that no procedural due process

---

[2] Additionally, we have affirmed the grant of qualified immunity when "it was not clearly established at the time [the plaintiff] was suspended that the immediate availability of an appeals process would not have adequately protected [the plaintiff's] due process rights." *See Castle*, 631 F.3d at 1201. Mr. Wells was afforded an immediate appeal, and a reasonable school official could have concluded that such an appeal sufficiently protected Mr. Wells' due process rights.

violation occurred). *See also Cotton*, 216 F.3d at 1333 ("[W]e believe that mandamus would be an adequate remedy to ensure that Plaintiff was not deprived of his due process rights."). The Fourteenth Amendment only requires the opportunity for procedural due process, *see Horton v. Bd. of Cnty. Comm'rs*, 202 F.3d 1297, 1300 (11th Cir. 2000), and the remedy need not be ideal. *Cf. Hudson v. Palmer*, 468 U.S. 517, 535 (1984) (noting that the state remedy and the remedy under § 1983 do not have to be identical). The district court properly held that an adequate state remedy existed, thereby precluding Mr. Wells' post-deprivation procedural due process claim.

     **AFFIRMED.**