[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10722
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cv-00092-WKW-WC


JAMES KYLE TINDOL, III,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF REVENUE,
ALABAMA PERSONNEL DEPARTMENT,
JACKIE GRAHAM,
in her individual and official capacities,
JULIE P. MAGEE,
in her individual and official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(December 2, 2015)

Before HULL, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

James Kyle Tindol appeals from the district court's grant of summary judgment in favor of Julie Magee, in her official capacity as Commissioner of the Alabama Department of Revenue, and Jackie Graham, in her official capacity as Director of the Alabama State Personnel Department. Tindol brought an action under 42 U.S.C. § 1983 claiming that Defendants deprived him of property without due process of law. The district court granted summary judgment to Magee and Graham on Tindol's claims against them in their official capacities on the ground that they were entitled to sovereign immunity under the Eleventh Amendment and because state officials sued in their official capacity are not "persons" under §1983. (Dkt. No. 65, pg. 23-24). On appeal, Tindol argues on the merits that he had a property interest in a promotion in his job at the Alabama Department of Revenue and that Defendants denied him procedural due process under the Fourteenth Amendment by refusing his claim for a post-decision hearing. Appellant did not brief the District Court's ruling with regard to Eleventh Amendment immunity and § 1983 personhood. Because Appellant waived the dispositive issues by failing to properly brief them on appeal, this Court need not address the merits of the procedural due process issues raised by Tindol.

2

We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party. Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate if the movant shows there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Appellant invokes 42 U.S.C. § 1983 to bring claims against Graham and Magee solely in their official capacities for alleged violations of Tindol's procedural due process rights under the Fourteenth Amendment to the United States Constitution. The district court concluded that the Complaint was infirm from the beginning. The Supreme Court's decision in Will v. Mich. Dept. of State Police decisively settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. 58, 71 (1989). Will, a § 1983 suit seeking monetary damages, concerned a factual scenario remarkably similar to the instant appeal. Petitioner in that case was an employee of the Michigan Department of State Police who alleged that he had been denied a promotion to a data systems analyst position for an improper reason in violation of his rights under the federal Constitution. The Michigan Court of Appeals vacated an initial judgment in favor of the employee and the Michigan Supreme Court affirmed, holding that a state official acting in his official capacity is not a person under § 1983. The United

3

States Supreme Court affirmed. Id. at 71. This Court has frequently invoked that rule. See, e.g., Wells v. Columbus Tech. College, 510 Fed. Appx. 893 (11th Cir. 2013) (affirming dismissal of§ 1983 suit seeking damages against state-run college and its officials for lack of § 1983 personhood); Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996) (affirming dismissal of§ 1983 suit seeking damages against state judge for lack of § 1983 personhood). These cases make clear that no remedy is provided by § 1983 for a Complaint naming only state officials in their official capacities and seeking monetary damages. Because the appeal at bar concerns only Tindol's claims against Magee and Graham as state officials in their official capacities, and because the district court determined that the complaint sought only monetary damages, the district court ruled that § 1983 provides no remedy.

Even if a remedy were available under §1983, the district court concluded that the Complaint was infirm for another reason: sovereign immunity. Suits against state officials in federal courts are generally barred by the Eleventh Amendment. An exception to that general rule is provided by the doctrine articulated in Ex parte Young, 20 U.S. 123 (1908), whereby federal courts have "found federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law." Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 73 (1996) (internal quotation marks omitted). In the below order, the District Court found that the relief sought

by Tindol's Complaint was not prospective injunctive relief satisfying the Ex Parte Young exception and the suit was therefore barred by the Eleventh Amendment.

On appeal, in his counseled initial brief, Tindol made no reference to the district court's ruling on the lack of § 1983 personhood and only a single passing reference to the district court's Eleventh Amendment sovereign immunity ruling, stating conclusorily in a footnote that Defendants' failure to provide a hearing is an "ongoing constitutional violation" that meets the Ex parte Young exception. Tindol's failure to brief the § 1983 issue and his passing and conclusory reference to the Eleventh Amendment issue are inadequate to raise these dispositive issues on appeal. See Cole v. United States Att'y Gen., 712 F.3d 517, 530 (11th Cir. 2013) ("A party adequately raises an issue when the party specifically and clearly identified it in its opening brief; otherwise, the claim will be deemed abandoned and its merits will not be addressed. . . . To adequately raise a claim or issue, a party must plainly and prominently so indicate, for instance by devoting a discrete section of his argument to those claims.") (internal marks and citations omitted); United States v. Willis, 649 F.3d 1248, 1254 (11th Cir. 2011) ("A party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. . . . Where a party fails to abide by this simple requirement, he has waived his right to have the court consider that argument.") (internal marks and citation omitted).Tindol's failure to properly brief the district court's rulings waived the

5

issues of § 1983 personhood and sovereign immunity on appeal. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 680, 681 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

Given the circumstances, Tindol has abandoned the issues of § 1983 personhood and Eleventh Amendment sovereign immunity on appeal. While Appellant does address the issue in his Substituted and Amended Reply Brief, we decline to consider arguments raised for the first time in a reply brief. See Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008) ("We decline to address an argument advanced by an appellant for the first time in a reply brief"). Because the waived issues are dispositive of the appeal, we need not address procedural due process.

**AFFIRMED.**[1]

---

[1] Tindol's motion to substitute and amend his reply brief is granted.

6