[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12362
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-01791-JEC


ERIC HEIN,

                                                  Plaintiff - Appellant,


versus


KEMUEL A. KIMBROUGH, SR.,
V. T. ROBINSON-WILLIAMS,
J. SPAIN,
TERRY EVANS,

                                                  Defendants - Appellees,


JOHN DOE,

                                                  Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 21, 2013)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Eric Hein appeals the district court's order granting summary judgment in favor of former Clayton County Sheriff Kemuel Kimbrough, Sr., and sheriff's office employees Virginia Robinson-Williams, Joseph Spain, and Terry Evans, on Hein's claims arising out of the termination of his employment as a Clayton County sheriff's deputy. After careful review, we affirm.

I.

Hein was employed by the Clayton County Sheriff's Department for a number of years under then-Sheriff Victor Hill. In late 2008, Hill faced opposition by defendant Kemuel Kimbrough in his campaign for reelection. Hein contributed to Hill's campaign and once remarked that Hill "wasn't the monster that people tried to portray him as being." Hill lost the election to Kimbrough, and Kimbrough assumed office in early 2009. Following the election, and upon Hein's suggestion, defendant Terry Evans (head of the department's office of internal affairs) undertook an investigation of the Hill administration. Evans assigned the investigation to defendant Joseph Spain, who interviewed Hein. After investigating the allegations Hein made during that interview, Spain determined the claims to be unsubstantiated. Hein was subsequently charged with violations of department policies stemming from that failed investigation and from a botched

2

internal investigation Hein spearheaded during the Hill administration. Defendant Virginia Robinson-Williams was in charge of looking into the second of these matters.

In March 2009, the department notified Hein that the investigations into his alleged misconduct had been completed and the charges sustained. The department alerted Hein that it would hold pre-disciplinary hearings. During those hearings, the department's deputy chief asked Spain and Robinson-Williams to summarize their findings, questioned Hein, confirmed that Hein had received the letters regarding the investigations, and permitted Hein to ask Spain and Robinson-Williams questions. At the conclusion of the hearings, the deputy chief told Hein that he was terminated. Hein was notified that he had a right to appeal his termination to the Clayton County Civil Service Board. The Board's decision, in turn, was reviewable by the Superior Court of Clayton County.

Hein did not pursue an appeal to the Board. Instead, Hein filed suit against the defendants under 42 U.S.C. § 1983, alleging that he was terminated in retaliation for his political support for Hill in the election for Sheriff, in violation of the First Amendment, and that his termination resulted in a denial of his due-process rights. After discovery, the defendants moved for summary judgment. The district court granted the defendants' motion as to Hein's due-process claim and denied without prejudice the motion as to Hein's First Amendment claim.

3

When the defendants renewed their motion on the First Amendment claim, the district court rendered summary judgment in their favor.  This is Hein's appeal of those summary-judgment orders.

## II.

We review *de novo* the district court's grant of summary judgment. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "We draw all factual inferences in a light most favorable to the non-moving party." *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).

## III.

With respect to his due-process challenge, Hein contends the hearing process was flawed and that he was denied a meaningful chance to clear his name.[1]  But Hein does not dispute that he was permitted to appeal to the Clayton County Civil Service Board (which was, in turn, subject to judicial review), knew he had the opportunity to do so, and chose not to.  "If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process." *Cotton v.*

---

[1] In his brief, Hein mentions – without citations to any caselaw – that he was deprived of equal protection.  Even assuming he has preserved this argument, his challenge (which must be based on a class-of-one theory of equal protection because he does not mention any other sort of class) is foreclosed. *See Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601-06 (2008) (holding class-of-one equal-protection claims not cognizable in public-employment context).

4

*Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000).[2]  Thus, the district court correctly concluded that the defendants did not terminate Hein in violation of his right to procedural due process.[3]

Hein also argues the district court erred in granting the defendants qualified immunity.  But the district court disposed of Hein's due-process claims on the merits, not on qualified immunity grounds.  The court determined that Kimbrough alone was entitled to qualified immunity only as to Hein's First Amendment claim (the other defendants, the district court found, were due judgment on the merits of that claim).  And, with respect to that finding, Hein offers no legal argument whatsoever to refute the conclusion that Kimbrough was entitled to qualified immunity on his First Amendment claim.  His only qualified-immunity argument targets his due-process claim.  Consequently, he has waived any challenge to that conclusion.  *See Old West Annuity & Life Ins. Co. v. Apollo Grp.*, 605 F.3d 856, 860 n.1 (11th Cir. 2010).

---

[2]  Hein does not now contend, as he did before the district court, that this rule effectively requires exhaustion of state remedies, which the Supreme Court in *Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496 (1982), held was not a requirement to file a § 1983 claim.  He has accordingly abandoned this contention.  *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

[3]  To the extent Hein continues to assert a substantive due process claim, his claim is not viable as a matter of law.  *See McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (*en banc*) ("Because employment rights are state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection.").  And, although Hein asserts Fifth and Sixth Amendment violations (as he did in response to the defendants' motion for summary judgment in the district court), his complaint did not include these claims, and he never amended his complaint to include them.  Further, the allegations in his counseled complaint were insufficient to put the defendants on notice that he was asserting such claims.  Therefore, there are no Fifth or Sixth Amendment claims properly before us.

5

IV.

For the reasons set forth above, the district court's orders rendering summary judgment in favor of the defendants are

**AFFIRMED.**