## S99A0201. KITCHENS v. RICHMOND COUNTY et al.
(515 SE2d 143)

FLETCHER, Presiding Justice.
    In 1995, developer Harold Kitchens purchased .88 acres of property on the Savannah River in Augusta-Richmond County and sought a building permit to construct ten townhouses. The Riverfront Development Review Board denied his proposal as incompatible with the existing development. Kitchens then filed a petition for writ of mandamus to compel the county to issue a building permit, which the trial court denied. Because he has not shown that he had a clear legal right to the permit or that the county governing authority grossly abused its discretion in denying the permit, we affirm.
    To be entitled to mandamus, the petitioner must show there is a clear legal right to the relief sought or there has been a gross abuse of discretion.[1] A building permit must have been legally obtained and validly issued to result in a vested right.[2]
    The record does not support Kitchens' contention that he acquired a vested right to a building permit. Although he contends that the city issued a building permit on December 27, 1995, neither the permit nor the city's approval are included in the record. In addition, the record does not show that he acquired a vested right based on the county commission's conditional approval of the project on October 15, 1996. The Comprehensive Zoning Ordinance provides that the Riverfront Development Review Board shall review all development plans in the riverfront zone and that no building permits shall be issued until the board has made a recommendation to the commission. The board did not consider Kitchens' proposal prior to 1996 and rejected the proposal in 1998 as incompatible with the existing development.

[1] *Dougherty County v. Webb,* 256 Ga. 474, 475 (350 SE2d 457) (1986).
[2] See *McClure v. Davidson,* 258 Ga. 706 (373 SE2d 617) (1988).

Finally, the county governing authority did not abuse its discretion in referring the matter to the review board as required by law. *Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1999 —
RECONSIDERATION DENIED MAY 3, 1999.

*Johnston, Wilkin & Williams, Wendell E. Johnston, Jr., William J. Williams,* for appellant.

*Hull, Towill, Norman & Barrett, James B. Ellington,* for appellees.