[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13885

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-02275-CV-5-VEH

SYLVANUS OGBURIA,

Plaintiff-Appellee-
Cross-Appellant,

versus

JESSE CLEVELAND,
in his official capacity
as Trustee of Alabama A&M,
HALL BRYANT, JR.,
in his official capacity
as Trustee of Alabama A&M, et al.,

Defendants-Appellants-
Cross-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(May 28, 2010)

Before BLACK, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

The Trustees of Alabama A&M University (Trustees) appeal the district court's partial grant of summary judgment and award of injunctive relief to Sylvanus Ogburia on his post-termination procedural due process claim, asserting the district court erred in its application of *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (en banc), in concluding Ogburia suffered a deprivation of his post-termination due process rights, and in awarding injunctive relief. Ogburia cross-appeals the district court's partial grant of summary judgment to the Trustees, asserting the district court erred in concluding Ogburia was provided sufficient pre-termination procedural due process.

After reading the parties' briefs, *de novo* review of the record,[1] and having had the benefit of oral argument, we reverse in part, affirm in part, and remand with instructions for the district court to enter judgment in favor of the Trustees.

## I. DISCUSSION

A. *Adequate State Remedy*

In *McKinney*, we explained procedural due process violations do not become "complete unless and until the State fails to provide due process. In other

---

[1] The standard of review on all summary judgment issues is *de novo*. *Menuel v. City of Atlanta*, 25 F.3d 990, 994 n.7 (11th Cir. 1994).

words, the state may cure a procedural due process deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." 20 F.3d at 1557 (internal quotations and citation omitted). However, "[t]his directive is not an exhaustion requirement. Instead, this directive is a recognition that procedural due process violations do not even exist unless no adequate state remedies are available." *Cotton v. Jackson*, 216 F.3d 1328, 1331 n.2 (11th Cir. 2000) (internal citation omitted).

The district court erred by concluding the state remedies in this case were inadequate. At the time Ogburia filed his lawsuit, the last action that had been taken with respect to his termination was the Grievance Committee's report and recommendation in his favor, recommending the Davis "case be investigated by a neutral committee before any final action is taken by the University." In addition, the University's grievance procedures provided the report of the Grievance Committee should be submitted to the Board of Trustees for final disposition. There is no dispute that the case had not been re-investigated or that the case had not been decided by the Board of Trustees as of the filing of this lawsuit. In fact, the lawsuit was filed approximately one month before the next meeting of the Trustees, and the Trustees never had the opportunity to act on the Grievance

3

Committee's report and recommendation before the filing of the lawsuit.  Thus, at

the time Ogburia filed suit, there was still an adequate state remedy available and

the last decision was in his favor.  As there was an adequate state remedy

available, the district court erred in finding that a claim for post-termination due

process existed.[2]

B.  *Pre-Termination Due Process*

The Supreme Court has explained the minimal requirements for due process

in the context of public employment:

> The essential requirements of due process . . . are notice and an
> opportunity to respond.  The opportunity to present reasons, either in
> person or in writing, why the proposed action should not be taken is a
> fundamental due process requirement . . . . The tenured public
> employee is entitled to oral or written notice of the charges against
> him, an explanation of the employer's evidence, and an opportunity to
> present his side of the story.

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S. Ct. 1487, 1495

(1985) (internal citation omitted).

Here, it is undisputed that Ogburia was advised regarding the charges

against him by receiving a letter from Human Resources detailing the charges and

---

[2]  Because we conclude there was no claim for post-termination due process, all other
issues regarding the district court's post-termination due process analysis are moot.

copies of the formal complaints. Additionally, Ogburia provided the Investigation Committee with detailed written responses, complete with exhibits, denying the sexual harassment allegations. Ogburia also verbally denied the allegations and presented his side of the story to the Investigation Committee. Thus, Ogburia was provided both notice and an opportunity to respond, and the district court did not err in concluding he received adequate pre-termination due process.

## II. CONCLUSION

For the foregoing reasons, we reverse the district court's partial grant of summary judgment to Ogburia on his post-termination due process claim, affirm the district court's partial grant of summary judgment to the Trustees on Ogburia's pre-termination due process claim, and remand with instructions to enter summary judgment in favor of the Trustees.[3]

REVERSED in part, AFFIRMED in part, and REMANDED.

---

[3] Because Ogburia suffered no deprivation of procedural due process, the injunctive relief issue is now moot.