[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 08, 2010
JOHN LEY
CLERK

No. 10-11428
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00423-CAR

KESHEL S. COATES,

Plaintiff-Appellant,

versus

RON NATALE,
Doctor, Individually in his Capacity as President
of Central Georgia Technical College;
CENTRAL GEORGIA TECHNICAL COLLEGE;
TECHNICAL COLLEGE SYSTEM OF GEORGIA;
EDDIE DIXON,
Individually and in his Capacity as Vice President of Student Affairs;
JONI JOHNSON, Individually in her Capacity as Professor,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 8, 2010)

Before EDMONDSON, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Keshel Coates, proceeding *pro se*, appeals the district court's dismissal of her complaint against 1) Central Georgia Technical College ("CGTC"); 2) Technical College System of Georgia; 3) Dr. Ron Natale, President of CGTC; 4) Dr. Eddy Dixon, Vice President of Student Affairs at CGTC; and 5) Joni Johnson, a professor at CGTC (collectively "Defendants") for failure to state a claim.

Coates's amended complaint alleged First Amendment, equal protection, and due process claims, pursuant to 42 U.S.C. § 1983, and state law contract-based claims. Specifically, Coates alleged that CGTC violated her First Amendment rights by expelling her from the College on September 5 or 6, 2007,[1] in retaliation for protected speech she made in a class. Coates mentioned in her complaint that she was also bringing an equal protection claim, but did not describe how or why the Defendants violated her equal protection rights. Coates further alleged that the Defendants violated her substantive and procedural due process rights by denying her request for a hearing. Finally, Coates alleged several state law claims,

_____

[1] Coates's amended complaint alleged that she was expelled on September 5, 2007, but the expulsion letter attached to her amended complaint was dated September 6, 2007.

2

including that 1) the Defendants tortiously interfered with a contract she had entered into with the Workforce Investment Act ("WIA"), in which WIA agreed to pay $6,000 per year toward her schooling at CGTC; and 2) the Defendants breached the written policy in CGTC's student handbook by failing to provide her with a hearing so that she could challenge her expulsion.

The district court dismissed all of Coates's claims for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Specifically, the district court dismissed Coates's First Amendment and equal protection claims as being barred by the applicable statute of limitations. The court additionally found that Coates failed to state a procedural or substantive due process claim. Finally, the district court ruled that Coates's state law claims were barred by sovereign immunity and that she otherwise failed to state a contract-based claim. Based on this record, we affirm.

First, Coates's First Amendment claim accrued when she learned of the Defendants' decision to expel her, and because she filed her complaint more than two years after this date, the district court did not err in determining that Coates's First Amendment claim was barred by the two-year statute of limitations.

Second, Coates's conclusory statement that her equal protection rights were violated was not sufficient to state a claim for relief as she failed to allege that

3

similarly situated persons had been treated disparately by the Defendants or that the Defendants were motivated in denying her a hearing by an unlawful factor. *See Draper v. Reynolds*, 369 F.3d 1270, 1278 n.14 (11th Cir. 2004) (holding that to state an equal protection claim, a plaintiff must allege that "through state action, similarly situated persons have been treated disparately" and allege that the defendants' actions were motivated by an unlawful factor).

Third, Coates's procedural due process claim failed to state a claim because Coates failed to avail herself of available state procedures—namely, a writ of mandamus issued by a state court. Cotton v Jackson, 216 F.3d 1328 (11th Cir.2000). Coates's substantive due process claim fails because she failed to identify any fundamental rights that were violated by her expulsion from CGTC.

Finally, we find no merit to Coates' arguments pertaining to her state based claims. The district court did not err in dismissing Coates's contract claim based on the termination procedures in CGTC's student handbook because the handbook did not entitle Coates to a hearing after her expulsion unless she followed certain procedures, which were not followed. The district court did not err in dismissing Coates's tortious-interference-with-contract claim because the Defendants were

4

not strangers to the contract with which they allegedly interfered, and thus, they could not be liable under such a theory. [2]

Accordingly, the district court did not err in dismissing Coates's complaint for failure to state a claim.

**AFFIRMED.**

---

[2] Because of our resolution of Coates' state law claims, we need not reach the question of whether the state's voluntary removal of the action to federal court waives sovereign immunity.