[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15374
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-04108-RLV


KERRY A. RICHARDS,

Plaintiff-Appellant,

versus

COBB COUNTY, GEORGIA,
a political subdivision of the State of Georgia,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 23, 2012)


Before BARKETT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Kerry A. Richards, proceeding pro se, appeals the grant of summary judgment in favor of Cobb County, Georgia ("County") on his 42 U.S.C. § 1983 claim alleging that the County deprived him of his liberty interest in his reputation without the process required by the Fifth and Fourteenth Amendments to the U.S. Constitution.[1]

Richards was fired from his position with the County as Manager of Support Services for the County's Information Services division two days after being arrested and charged with the theft of laptop computers that belonged to the County.  Richards appealed his termination to the County Civil Service Board ("Board"), but the Board denied his appeal after a hearing.

Richards was later acquitted of the criminal charges.  He then brought this lawsuit against the County, alleging that, after his arrest, a County official falsely told a local newspaper that Richards had stolen the computers, which led to publication of a newspaper article identifying Richards as the thief.  The district court granted summary judgment to the County on Richards'§ 1983 claim on

---

[1] Richards also alleged a claim for malicious prosecution under Georgia law against the County, but he then abandoned that claim by failing to argue it in response to the County's motion for summary judgment and in his initial appellate brief to this court.  See Solutia, Inc. v. McWane, Inc., 672 F.3d 1230, 1237 (11th Cir. 2012).

2

several alternative grounds, including that Richards' claim was barred by the statute of limitations.

"Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." Porter v. Ray, 461 F.3d 1315, 1323 (11th Cir. 2006) (internal quotation marks omitted).  Under Georgia law, the personal injury statute of limitations "begins to run when the plaintiff's cause of action becomes legally cognizable," M.H.D. v. Westminster Schools, 172 F.3d 797, 804 (11th Cir. 1999), and runs for a period of two years.[2] Ga. Code Ann. § 9-3-33.  The elements of a cause of action under § 1983 for deprivation of a reputational liberty interest are "(1) a false statement, (2) of a stigmatizing nature, (3) attending a governmental employee's discharge, (4) [that] was made public, (5) by the governmental employer, (6) without a meaningful opportunity for an employee name clearing hearing." Cotton v. Jackson, 216 F.3d 1328, 1330 (11th Cir. 2000) (internal quotation marks omitted).

Here, the latest date on which all six of these factors were fulfilled was November 3, 2008, which was when the County provided Richards his final

---

[2] Georgia provides a separate one-year period of limitation for injuries to reputation, however, we need not consider whether Richards' complaint is subject to the two-year or one-year limitations period because his claim is barred under either period.  See Ga. Code Ann. § 9-3-33.

3

hearing to appeal his termination; accordingly, the statute of limitations began to run on that date.  See M.H.D., 172 F.3d at 804.  Although Richards contends that the statute of limitations did not begin to run until he was acquitted of the criminal theft charge in February, 2010, because he could not have proven the falsity of the County's alleged statements until he was acquitted of stealing the computers, we reject this contention because Richards could have argued in his § 1983 suit that the County's statement was false while the theft charge was pending.   However, Richards did not file his complaint until November 16, 2010, which was more than two years after his cause of action accrued on November 3, 2008, and after the applicable two-year statute of limitations had run.  See Ga. Code Ann. § 9-3-33; Porter, 461 F.3d at 1323.  Accordingly, the district court did not err in holding that Richards' claim is barred by the statute of limitations.

**AFFIRMED.**