[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13669

_____

D.C. Docket No. 1:12-cv-00518-ODE

LUCY O. JACKSON,

Plaintiff–Appellant,

versus

FULTON COUNTY DEPARTMENT OF HEALTH AND WELLNESS,
FULTON COUNTY, GEORGIA,
PATRICE HARRIS,
in her official and personal capacities,
PATRICIA CWIKLINSKI,
in her official and personal capacities,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 24, 2016)

Before TJOFLAT, JULIE CARNES, and MELLOY,[*] Circuit Judges.

PER CURIAM:

Plaintiff appeals the district court's order adopting the Magistrate Judge's Report and Recommendation and granting summary judgment to Defendants on Plaintiff's employment discrimination claims and its order denying Plaintiff's motion for relief from judgment.  In granting summary judgment, the district court concluded, among other things, that:  (1) Defendants provided a legitimate, non-discriminatory reason for the allegedly discriminatory and retaliatory actions taken against Plaintiff, which Plaintiff failed to rebut with evidence of pretext; (2) Plaintiff failed to properly plead a failure to accommodate claim under the ADA; and (3) Plaintiff did not present any evidence to support her claim that Defendants violated the Family Medical Leave Act.[1]

Having heard oral argument, and after careful review of the briefs and the record, we affirm the district court.

---

[*]  Honorable Michael J. Melloy, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[1] The district court noted that the complaint included a "laundry list" of substantive and procedural due process claims, which the court deemed Plaintiff to have abandoned.  Even assuming that Plaintiff did not abandon these claims, we conclude that Plaintiff's complaint fails to allege either a substantive or a procedural due process claim that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (noting that public employment law remains "largely outside the scope of substantive due process jurisprudence"); *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) ("If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process.").

**AFFIRMED.**