[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12960

Non-Argument Calendar

_____

BERNIE QUARTERMAN,

Plaintiff-Appellant,

*versus*

CITY OF WALTHOURVILLE, GEORGIA,
MAYOR DAISY S. PRAY,
MELISSA JONES,
JEFFERY ARNOLD,
ANDREW JOHNSON,
In Their Individual Capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:20-cv-00006-WTM-BWC

_____

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Bernie Quarterman, former Chief of Police for the City of Walthourville, Georgia (the "City"), proceeding pro se, appeals the district court's dismissal with prejudice of his pro se fifth amended complaint alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Fair Labor Standards Act, and various Fourteenth Amendment violations brought under 42 U.S.C. § 1983. These claims were asserted against former City Mayor Daisy S. Pray, former City Clerk Melissa Jones, and former City attorneys Jeffrey Arnold and Andrew Johnson, all in their official and individual capacities, as well as against the City itself.

After careful consideration, we **AFFIRM** the district court's order dismissing the complaint with prejudice.

**I**

We first address the Title VII, FLSA, and § 1983 claims that Quarterman brought against defendants Pray, Jones, Arnold, and Johnson in their official capacities. The district court dismissed

these claims because they were redundant of Quarterman's claims against the City.

We need not reach the merits here because Quarterman failed to challenge this dismissal on appeal and has therefore abandoned the claims.

Generally, issues not raised in an initial brief are considered abandoned and will not be addressed absent extraordinary circumstances. *Anthony v. Georgia*, 69 F.4th 796, 807 (11th Cir. 2023). Although allegations of a pro se complaint are liberally construed, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted). Likewise, this leniency toward pro se parties does not alter the general principle that issues not raised below are generally not considered on appeal. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). And while this rule is not "ironclad," we will generally only consider exercising our discretion to consider a newly-raised or abandoned issue when

> (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or great public concern.

*United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (citing *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004)).

By failing to challenge on appeal the district court's dismissal of his Title VII, FLSA, and 42 U.S.C. § 1983 official-capacity claims against Pray, Jones, Arnold, and Johnson, Quarterman has abandoned any such challenges. Accordingly, we affirm the district court's dismissal of those claims.

## II

We next address the individual-capacity Title VII retaliation claims against Pray, Jones, Arnold, and Johnson and the Title VII retaliation claim against the City. The district court dismissed these claims because individual-capacity claims are not allowed under Title VII.

But we need not reach the merits of Quarterman's individual-capacity Title VII retaliation claims against Pray, Jones, Arnold, and Johnson because he abandoned them on appeal. He failed to (1) respond to the defendants' arguments related to Title VII individual liability in the district court, and (2) argue in his initial brief on appeal that the defendants are individually liable. *Anthony*, 69 F.4th at 807.

Quarterman similarly abandoned his Title VII retaliation claim brought against the City because he conceded below that he intended for it to be cast as an 18 U.S.C. § 1513 claim.[1]

Accordingly, we affirm as to these issues.

### III

Quarterman next appeals the dismissal of his individual-capacity FLSA claims and his FLSA overtime and retaliation claims brought against the City.

Under the FLSA, to state a valid unpaid-overtime claim against a covered employer, an employee bears the initial burden of showing that (1) he worked unpaid overtime, and (2) his employer knew or should have known of the overtime work. *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015). To state a valid retaliation claim under the FLSA against a covered employer, an employee bears the initial burden of establishing a prima facie case of FLSA retaliation by showing that (1) he engaged in activity protected under the act, (2) he subsequently suffered adverse action by his employer, and (3) a causal connection existed between the protected activity and the adverse employment action. *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 648 (11th Cir.

---

[1] To the extent that Quarterman, by making new arguments in his brief on appeal, asks us to consider those new arguments about this claim, we decline. Although we have the discretion to consider issues raised for the first time on appeal in certain circumstances, here, Quarterman had more than ample opportunity in the district court to make the arguments and chose not to do so. *See Tannenbaum,* 148 F.3d at 1263.

2019).  For liability-establishing purposes, "a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA."  *Austin v. Glynn Cnty., Georgia*, 80 F.4th 1342, 1346 (11th Cir. 2023) (quotation marks omitted).

The FLSA also, in part, makes it unlawful "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [Chapter 8 of the FLSA]." 29 U.S.C. § 215(a)(3).

Under Chapter 15 of Title 29 of the United States Code, the Occupational Safety and Health ("OSH") Act, in part, makes it unlawful to "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [Chapter 15 of the OSH Act]." 29 U.S.C. § 660(c)(1).

## A

Here, as an initial matter, Quarterman has abandoned his individual-capacity FLSA overtime and retaliation claims against Jones, Arnold, and Johnson by failing to argue in his initial brief that they were individually liable under the FLSA.  Accordingly, we affirm the district court's dismissal of Quarterman's

individual-capacity FLSA overtime and retaliation claims against Jones, Arnold, and Johnson.[2]

Quarterman did argue on appeal that defendant Pray should be held individually liable because she qualified as an "employer" under the FLSA. But Pray is correct that she is not an employer within the meaning of the FLSA. We recently clarified that public officials—such as Pray, the City's former mayor—sued in their individual capacities are not employers within the meaning of the FLSA such that they may be subject to individual liability. *Austin*, 80 F.4th at 1346. We therefore affirm the district court's dismissal of this claim.

**B**

Quarterman's claims for FLSA overtime and retaliation against the City similarly fail.

As to his FLSA overtime claim, the City is correct that Quarterman's fifth amended complaint contained no more than unsubstantiated conclusions insufficient to state a valid FLSA overtime claim. In his fifth amended complaint, he simply states that the City is (1) an employer, (2) non-exempt under the FLSA, (3) failed to pay overtime, and (4) failed to keep timesheets of actual hours worked, which he asserted was in bad faith. He neither alleged that

---

[2] Jones, Arnold, and Johnson argue on appeal that they are not employers under the FLSA and thus not subject to individual liability. We need not reach the merits of this argument.

he had worked overtime, nor did he attach any factual support such that those attachments may have permitted him to state a plausible FLSA overtime claim and thus survive a motion to dismiss. Absent further factual enhancement, his FLSA overtime claim in his fifth amended complaint did not plausibly state a claim sufficient to survive a motion to dismiss.[3]

Quarterman's FLSA retaliation claim also fails. Even liberally construing this claim, it fails to state a plausible claim of FLSA retaliation because the act of filing an OSH Act whistleblower complaint is not a protected activity under the FLSA. 29 U.S.C. § 215(a)(3); 29 U.S.C. § 660(c)(1).

Accordingly, we affirm the district court's dismissal of his FLSA overtime and retaliation claims.

## IV

Finally, we address Quarterman's due process claim.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

---

[3] Quarterman argues that his pleadings should be liberally construed and held to a less stringent standard because he is pro se. He is correct that this is how we construe pro se pleadings. But pro se pleadings cannot escape the requirements set out in *Twombly* and *Iqbal*. All litigants, whether counseled or pro se, must provide enough factual content to allow a district court to draw a reasonable inference that the defendant is plausibly liable for the alleged misconduct. *Marquez v. Amazon.com*, 69 F.4th 1262, 1269 (11th Cir. 2023).

Section 1983 holds any person acting under color of state law liable for depriving another person of a federal right.  42 U.S.C. § 1983.

To bring a due process claim under Section 1983, a plaintiff must establish "(1) deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1035 (11th Cir. 2022) (quotation marks omitted).  As to the third element, assuming a plaintiff has shown a deprivation of some right protected by the due process clause of the Fourteenth Amendment, we look "to whether the available state procedures were adequate to correct the alleged procedural deficiencies."  *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000).  "If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process."  *Id.*

Georgia law provides that, if no remedy at law exists and a party has a right to the performance of an act, the party is entitled to seek a writ of mandamus through the state courts.  O.C.G.A. § 9-6-20.  A writ of mandamus is an adequate remedy to protect a plaintiff's right to have a name-clearing hearing.  *Cotton*, 216 F.3d at 1332–33.

Quarterman failed to sufficiently allege in his fifth amended complaint that he had no adequate state remedy to address the City's alleged Fourteenth Amendment violations.[4]  For this reason,

---

[4] Once again, Quarterman appears to raise new arguments on appeal—namely, a substantive due process claim.  To the extent that by including this

we decline to reach the merits of the parties' various arguments on appeal about whether Quarterman did or did not have constitutionally-protected liberty or property interests. Under Georgia law, a writ of mandamus was available to Quarterman, and such a remedy was adequate to protect his constitutional rights. O.C.G.A. § 9-6-20; *Cotton,* 216 F.3d at 1332–33. Thus, even if the City deprived Quarterman of his constitutional rights, he was entitled to seek a writ of mandamus to require a new hearing to remedy any constitutional deprivations. His failure to seek such a state court remedy barred his § 1983 claims, and the district court did not err in dismissing those claims for failure to state a claim. *See Resnick*, 34 F.4th at 1035.

For the reasons discussed above, we affirm the district court's dismissal with prejudice of Quarterman's fifth amended complaint.

**AFFIRMED.**

---

in his initial brief, Quarterman requests that we consider this new argument, we decline to do so. He had ample opportunity in the district court to make the argument he now makes, and no circumstances warrant us considering it for the first time on appeal. *See Campbell,* 26 F.4th at 873.