**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12786
Non-Argument Calendar
_____

JAMES OUTDOOR LLC,

*Plaintiff-Appellant,*

*versus*

CITY OF NORTHPORT ALABAMA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:23-cv-01092-ACA

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

James Outdoor, LLC operates a billboard advertising business. It sued the City of Northport under 42 U.S.C. § 1983, alleging

that the City's sign-permit regulations and variance procedures violated the First and Fourteenth Amendments. The district court dismissed most of the claims for lack of jurisdiction and dismissed the remainder for failure to state a claim. We affirm the district court's dismissal of these claims.

## I

James Outdoor planned to erect a billboard on property that it believed to be outside Northport's city limits. After investing substantial time and more than $180,000, it learned that the property had in fact been annexed into the City years earlier. Following this, James Outdoor sought to file an administrative appeal of that determination, requested to apply for a special exemption, and applied for a variance. The City denied it either an administrative appeal or special exemption and, after two hearings, the zoning board denied it a variance.

James Outdoor sued the City, raising facial and as-applied challenges under the First Amendment, as incorporated against the states through the Fourteenth Amendment, to the City's sign-permit and variance regulations; a Fourteenth Amendment due-process challenge to the City's denial of an opportunity to file an administrative appeal or seek a special exemption; and facial and as-applied equal-protection challenges to the sign-permit regulations. While the suit was pending, the City amended its sign-permit regulations and disavowed any intent to reinstate the old rules.

The district court ruled that the amendments mooted the facial challenges to the old regulations; that James Outdoor lacked

standing to raise most of its as-applied challenges; and that the as-applied claims for which it did have standing were inadequately pleaded. Accordingly, it dismissed all of these claims.

After careful review, we affirm the district court's dismissal of James Outdoor's claims.[1]

## II

The district court's rulings fall into three categories: mootness, standing, and adequacy of pleading. We address each in turn.

## A

The district court ruled that the City's amendment of its sign regulations mooted James Outdoor's challenges to the former sign regulations. "[G]enerally, a challenge to the constitutionality of a statute is mooted by repeal of the statute." *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) (citation modified). But in order for a defendant's voluntary cessation to moot a legal question, it must be "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur," *id.* at 1333 (citation modified), and the revised regulation must "remove[] [all] challenged features of the prior law," *Del Castillo v. Sec'y, Fla. Dep't*

---

[1] "The dismissal of a complaint for lack of subject-matter jurisdiction is subject to plenary review." *Kanapuram v. Dir., US Citizenship & Immigr. Servs.*, 131 F.4th 1302, 1306 (11th Cir. 2025). And we review de novo an order granting a motion to dismiss. *Polelle v. Fla. Sec'y of State*, 131 F.4th 1201, 1207 (11th Cir. 2025).

*of Health*, 26 F.4th 1214, 1218 n.1 (11th Cir. 2022) (citation modified).

Here, it is undisputed that the City both replaced its sign-permit regulations with new ones that addressed James Outdoor's concerns and expressly disavowed any intent to revert to the former regulations. Moreover, nothing in the record suggests that the City will reenact the prior rules.

But "[a] change in statute will not always moot a constitutional claim." *DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1259 (11th Cir. 2007). "Damage claims can save a § 1983 claim from mootness . . . ." *Id.* (footnote omitted).

Here, though, the district court did not rule that any of James Outdoor's damages claims were moot. Rather, it held that only James Outdoor's facial challenges were moot. And "facial challenges regarding prospective harm cannot give rise to the remedy of damages." *Id.* at 1260. Accordingly, the district court correctly dismissed James Outdoor's facial challenges to the former sign regulations as moot.

**B**

Next, the district court dismissed James Outdoor's as-applied challenges to the sign-permit regulations for lack of standing. With respect to as-applied challenges, a plaintiff "has standing to challenge the constitutionality of *only*" a regulation that was actually "applied to it." *See Granite State Outdoor Advert., Inc. v. City of Clearwater, Fla.*, 351 F.3d 1112, 1117 (11th Cir. 2003). James Outdoor alleged neither that it applied for a sign permit nor that it

24-12786              Opinion of the Court                    5

intended to do so.  Accordingly, it has failed to allege that the City ever applied the sign-permit regulations to it.  This is sufficient to warrant affirmance of the district court's dismissal.

James Outdoor counters that it needn't have alleged that the City ever applied the sign-permit regulations to it, because "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct are sufficient to establish standing."  Br. of Appellant at 24.  For this proposition, James Outdoor cites *CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257 (11th Cir. 2006).  But in *CAMP*, we ruled that CAMP had standing to bring an as-applied challenge to a regulation *specifically because* "[t]he record establishes that CAMP has applied for permits [subject to the challenged regulation] in the past." *Id*. at 1274–75.  Therefore, we reject James Outdoor's argument and hold that the district court correctly dismissed James Outdoor's as-applied challenges to the sign-permit regulations for lack of standing.

## C

The only two claims that survive the jurisdictional stage are (1) an as-applied First Amendment challenge to the City's variance procedures and (2) a procedural-due-process challenge to the City's denial of an opportunity to file an administrative appeal or seek a special exemption.  The district court ruled that James Outdoor failed to plausibly state these claims.  We agree.

### 1

First, the First Amendment claim.  James Outdoor contends that the City's variance procedures operated as a prior restraint in

violation of the First Amendment.  In relevant part, the City's Variances and Waivers provision provides that "the [zoning board] shall only grant a variance in the case of an extreme hardship." Compl. ¶ 26, Dkt. No. 1.  It further specifies that "[a]cts of God and economic conditions shall not be considered hardships for purposes of this section." *Id.*  In its complaint, James Outdoor argued that this provision was an unconstitutional prior restraint on speech because it granted "unlawful discretion" to the zoning board.  *Id.* ¶¶ 27, 73; *see City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 757 (1988) (holding that "in the area of free expression a licensing statute placing unbridled discretion in the hands of a government official or agency constitutes a prior restraint and may result in censorship").

But as the district court correctly ruled, James Outdoor hasn't alleged facts sufficient to make its prior-restraint claim plausible.  The constraints described by the Variances and Waivers provision are not "illusory" enough to constitute unbridled discretion. *Id.* at 769–70; *see id.* (describing as an "illusory 'constraint[]'" a permit-approval regulation that allowed approval or denial on "such . . . terms and conditions deemed necessary and reasonable by the Mayor").  Nor does the Variances and Waivers provision prescribe guidelines for approval or denial on the basis of content.  *See Thomas v. Chicago Park Dist.*, 534 U.S. 316, 322 (2002) (holding that a permitting scheme was not an unconstitutional prior restraint on speech in part because "[n]one of the grounds for denying a permit has anything to do with what a speaker might say").  Moreover, James Outdoor hasn't alleged other conditions—such as the

absence of a time limit for approval—that might render a content-neutral prior restraint unconstitutional. *See Barrett v. Walker Cnty. Sch. Dist.*, 872 F.3d 1209, 1222 (11th Cir. 2017) (explaining that "if the prior restraint is content neutral, then the lack of a time limit" *can* but "does not necessarily invalidate the regulation").

Accordingly, we hold that the district court correctly dismissed James Outdoor's prior-restraint claim for failure to state a claim.

**2**

Finally, James Outdoor's claim that the City's refusal to provide it the opportunity to file an administrative appeal or seek a special exemption violated its right to due process as guaranteed by the Fourteenth Amendment.

This Court has held that, "even if a procedural deprivation exists during an administrative hearing, such a claim will not be cognizable under § 1983 if the state provides a means by which to remedy the alleged deprivation." *Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1238 (11th Cir. 2003). One such means is a writ of mandamus. *See Cotton v. Jackson*, 216 F.3d 1328, 1333 (11th Cir. 2000) (holding that a writ of mandamus provided by the state court "would be an adequate remedy to ensure that Plaintiff was not deprived of his due process rights"). Here, the district court correctly pointed out that the state permitted James Outdoor to file a mandamus petition to remedy its alleged due-process deprivation. So we affirm the district court's dismissal of James Outdoor's due-process claim.

## III

On all counts, we **AFFIRM** the district court's judgment.