**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-11323

_____

NATURAL LANDS, LLC,

*Plaintiff-Appellee,*

*versus*

CITY OF BOCA RATON,

*Defendant-Appellant,*

GREATER BOCA RATON BEACH AND PARK DISTRICT,

*Defendant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-81407-RS

_____

Before BRANCH, ABUDU, and KIDD, Circuit Judges.

PER CURIAM:

Natural Lands, LLC, (hereinafter, "Natural Lands") filed suit alleging bias among city council decisionmakers, suggesting a potential federal procedural due process claim. Yet, under our precedent, Natural Lands does not have a viable claim because it did not use the available and adequate State remedy to address its alleged injury. As a result, we find that Natural Lands has not established a federal procedural due process claim, and we reverse the district court's judgment.

## I.    BACKGROUND

### A.  Factual Background

Natural Lands owns an undeveloped beachfront lot in Boca Raton, Palm Beach County, Florida (the "Parcel"). The Parcel is located east of a Coastal Construction Control Line ("CCCL"), which is a regulatory boundary the Florida Department of Environmental Protection imposed and the City of Boca Raton later adopted. The City of Boca Raton (the "City") passed an ordinance that required those seeking to build east of the CCCL to obtain a variance from the City Council.

In 2011, Natural Lands applied for two variances to build a single-family home on the Parcel. Upon learning that its parcel of land was located seaward of the CCCL, Natural Lands later applied for a CCCL variance as well. The review process took several years and required Natural Lands to submit architectural, engineering, and environmental reports. In 2015, the City Council approved Natural Lands's application for lot width and setback variances, but the CCCL variance remained pending. Residents opposing the

construction contacted City Council Members, urging them to deny the variance.

Council Members Andrea O'Rourke and Monica Mayotte and Mayor Scott Singer publicly expressed their intentions to deny the CCCL variance. O'Rourke had previously signed a petition opposing development on the Parcel and, once elected, promised to do "everything within [her] power" to prevent construction. Similarly, Mayotte stated she had "no intention" of granting Natural Lands's CCCL variance, and Mayor Singer had campaigned on protecting the area, even creating a video in front of the Parcel while pledging to vote against the variance.

In July 2019, the City Council held a hearing on Natural Lands's CCCL variance request. Before the hearing, Natural Lands asked for the recusal of O'Rourke, Mayotte, and Mayor Singer, arguing that they could not render an unbiased decision. The City Council denied the request. At the hearing, the City Council unanimously voted to deny Natural Lands's CCCL variance, stating the project did not meet the ordinance requirements.

### B. Procedural Background

In October 2019, Natural Lands sued the City in federal court. The amended complaint alleged three separate counts of inverse condemnation under the Takings Clause of the Fifth Amendment, its counterpart section of the Florida Constitution, and the Due Process Clause of the Fourteenth Amendment; and a fourth count seeking declaratory relief. The overall premise of the amended complaint was that the City Council prejudged Natural

Lands's application, which resulted in the denial of a fair hearing and caused the loss of economic and beneficial use of the Parcel.

The City moved to dismiss, arguing, in part, that under *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (*en banc*), Natural Lands did not have a viable procedural due process claim. After Natural Lands voluntarily withdrew some claims, the district court denied the City's motion as moot.

The district court held a five-day bench trial. At trial, Natural Lands continued to argue that the City deprived it of procedural due process. Again, the City argued that Natural Lands could not pursue a procedural due process claim and asked the district court to disregard the claim. The court denied the request.

In its findings, the district court admonished Council Members O'Rourke and Mayotte and Mayor Singer for bias and lack of credibility as witnesses. It determined that the City denied Natural Lands a fair and impartial hearing and violated Natural Lands's procedural due process rights. It then granted Natural Lands declaratory relief, declaring the named council members biased and enjoining them from participating in future variance application processes for the Parcel.[1] It also awarded Natural Lands attorney's fees and costs under 42 U.S.C. § 1988 and Federal Rule of Civil

---

[1] The district court also addressed the Takings Clause claim, ruling for the City. The court ruled that the City's conduct did not constitute a "taking" under the Fifth Amendment. Neither party appealed this ruling, so we do not discuss the issue further.

Procedure 54(d)(1) to cover the expenses Natural Lands incurred in litigating the due process claim.  The City appealed.

## II.    STANDARDS OF REVIEW

We review the district court's conclusions of law *de novo* and its findings of fact for clear error.  *A.I.G. Uru. Compania de Seguros, S.A. v. AAA Cooper Transp.*, 334 F.3d 997, 1003 (11th Cir. 2003). When a district court grants attorney's fees and costs, we review the award for abuse of discretion.  *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017).  While the abuse of discretion standard gives a district court a range of choices, that discretion is not unfettered.  *Id.*  We will not uphold the award if the district court applied an improper legal standard.  *Id.*; *see also Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.").

## III.    DISCUSSION

On appeal, the City argues that the district court erred in granting declaratory and injunctive relief based on Natural Lands's procedural due process claim because an adequate State remedy was available.  We agree.

This case falls squarely within the province of *McKinney*.  20 F.3d at 1556–57.  In *McKinney*, we established that a federal procedural due process claim does not arise "unless and until the State fails to provide due process." *Id.* at 1557 (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)).  A State fails to provide due process only if it neglects to offer an adequate post-deprivation remedy to address the alleged procedural defect.  *Id.*  The rationale behind

*McKinney* is that a State must have the opportunity to cure procedural defects caused by its subdivisions before federal intervention. *Id.* at 1560. Without the opportunity to review local government action, the State cannot be said to have sanctioned the bias of a limited number of board members. *Id.* at 1563. "A demonstration that the decisionmaker was biased . . . is not tantamount to a demonstration that there has been a denial of [federal] procedural due process." *Id.* at 1562. Thus, the federal claim arises only if a State lacks adequate remedial procedures. *See Cotton v. Jackson*, 216 F.3d 1328, 1331–33 (11th Cir. 2000) (dismissing a federal due process claim under the *McKinney* rule).

In this case, both parties acknowledge that a writ of *certiorari* to a Florida state court was a remedy available to Natural Lands. Yet, Natural Lands did not avail itself of this remedy. Natural Lands contends that although the remedy was available, it was not adequate. We disagree.

First, we have acknowledged that "certiorari is generally an adequate state remedy." *Cotton*, 216 F.3d at 1331. The adequacy of the *certiorari* remedy is even more evident in this case, as demonstrated by Natural Lands's reference to the neighboring "Sweetapple Lot," which successfully petitioned the state court to remove biased City Council Members from its variance review process.[2]

---

[2] On September 16, 2020, the Palm Beach County Circuit Court granted the Sweetapple Lot owner's petition for writ of *certiorari*. *2600 N. Ocean LLC v. City of Boca Raton*, No. 50-2019-CA-004116-XXXX-MB (Palm Beach County Cir. Ct.

23-11323              Opinion of the Court                    7

Additionally, nothing in the record suggests that Florida courts conducting *certiorari* review cannot effectively remedy due process concerns.  *See Miami-Dade County v. Publix Supermarkets, Inc.*, 305 So. 3d 668, 670–71 (Fla. Dist. Ct. App. 2020) (citing *Fla. Power & Light Co. v. City of Dania*, 761 So. 2d 1089, 1092 (Fla. 2000)).  Even if, as Natural Lands contends, *certiorari* review does not permit state courts to order the recusal of city officials, a state court quashing a decision because of bias places significant pressure on the City Council to conform its conduct to ensure due process.  Nor is there any reason to conclude the City Council would violate a state court order.

While Natural Lands may have preferred federal court remedies, ultimately, the question is not whether the state remedy would have provided the same relief available in federal court. *McKinney*, 20 F.3d at 1564 ("[T]he state's remedial procedure need not provide all relief available under section 1983 . . . .").  Rather,

---

Sept. 16, 2020).  The circuit court quashed the City Council's decision denying a variance necessary to develop the Sweetapple Lot, finding that two City Council Members were biased, and ordered their recusal from future proceedings.  *Id.* at 3.  Natural Lands cites this case in its amended complaint to support its contention of biased decisionmakers.  Yet in its brief, Natural Lands argues that the Sweetapple Lot case cannot establish the adequacy of the *certiorari* remedy because the circuit court exceeded its authority by ordering recusal, and the order would likely be reversed on appeal.  As it turns out, the appellate court denied *certiorari*, declining an opportunity to reverse the circuit court's decision.  *City of Boca Raton v. 2600 Ocean, LLC*, No. 4D20-2505 (Fla. Dist. Ct. App. Aug. 18, 2021).  Therefore, Natural Lands's prediction was wrong, and its argument is unavailing.

our focus is on whether the state procedure could have corrected the alleged procedural deficiencies and provided the plaintiff with the process that was constitutionally required. *Cotton*, 216 F.3d at 1331. The *certiorari* process could have remedied the precise harm that Natural Lands alleges: a procedurally defective, biased hearing. Therefore, the writ of *certiorari* is an adequate remedy, and Natural Lands may not pursue its procedural due process violation in federal court.[3]

## IV.    CONCLUSION

Accordingly, the district court erred in granting relief on Natural Lands's procedural due process claim. We reverse and remand to the district court with instructions to dismiss the claim.

**REVERSED AND REMANDED.**

---

[3] Because the due process claim was not properly before the district court, it necessarily abused its discretion in awarding Natural Lands attorney's fees and costs related to that claim. Thus, we reverse the district court's fee award as well. Natural Lands also appealed the district court's admission of evidence used to prove City Council Members' bias. Evidentiary rulings are reviewed for abuse of discretion. *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1216 (11th Cir. 2003). Because we reverse and dismiss Natural Lands's procedural due process claim, the court's reliance on evidence of bias will be remedied by the dismissal of those claims.