[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13166
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00079-RH-CAS


RONALD DAVID JONES,

Plaintiff-Appellant,

versus

GADSDEN COUNTY SCHOOLS,
JAMES A. SHANKS MIDDLE
SCHOOL,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 14, 2018)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Ronald David Jones, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his amended civil rights complaint for failure to state a claim. On appeal, Jones restates, nearly word-for-word, parts of his amended complaint alleging (1) gender discrimination; (2) ethics violations under Fla. Stat. §§ 112.313(6), 112.312(9); (3) retaliation under 42 U.S.C. § 1983; (4) discrimination based on his national origin, presumably under § 1983; and (5) denial of his right to due process, in violation of § 1983.[1]  After review,[2] we affirm the district court's dismissal.

## I. *Gender Discrimination*

Jones waived appellate review of the magistrate judge's conclusion his § 1983 gender discrimination claim was time barred when he failed to mention that claim in his objections to the magistrate judge's report.  *See* 11th Cir. R. 3-1

---

[1] Construed liberally, Jones also appears to challenge the dismissal of his single-page original complaint. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining *pro se* filings are liberally construed).  However, as he only included one word–retaliation–in his initial complaint and failed to allege that he was penalized for exercising the right of free speech, dismissal was appropriate. *See Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003) ("To state a First Amendment claim for retaliation," an individual must allege that he was "penalized for exercising the right of free speech."(quotations and alterations omitted)). Further, although Jones restates on appeal that he was "[p]reaching at Holy Ghost Temple," this statement alone–even construed liberally–does not show that he was discriminated against because of his religion by a state actor and therefore fails to state a claim. *See Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 717–18 (1981); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating dismissal is appropriate if the complaint, on its face, does not state a plausible claim for relief).

[2] We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of an *in forma pauperis* complaint for failure to state a claim on which relief may be granted. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003).  A dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

(providing a party who fails to object to a magistrate judge's findings or recommendations in a Report and Recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object).  Even if he had not waived review, however, the magistrate judge correctly concluded that claims based on events five to nine years before Jones filed the instant suit were time-barred under § 1983.  *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (explaining in Florida, the statute of limitations for a § 1983 action is four years); Fla. Stat. § 95.11(3)(p).

## II.  *Ethics Violations*

In Florida, the statutory prohibition against misuse of official position provides that "[n]o public officer . . . shall corruptly use or attempt to use his or her official position or any property or resource which may be within his or her trust, or perform his or her official duties, to secure a special privilege, benefit, or exemption for himself, herself, or others."  Fla. Stat. § 112.313(6).  Corruptly means something "done with a wrongful intent and for the purpose of obtaining . . . any benefit resulting from some act or omission of a public servant which is inconsistent with the proper performance of his or her public duties."  Fla. Stat. § 112.312(9).  Complaints under this statute are to be brought before the Florida

3

Commission on Ethics, and the Commission's determinations are appealable in Florida state courts.  Fla. Stat. §§ 112.320, 112.322, 112.3241.

Jones' quotes of the Florida ethics statutes and conclusory statement that "he was the victim of the Defendants' purposeful improper administration of Florida's statute for their own benefit" does not state a claim for misuse of official prohibition under Florida law, both because he fails to assert any facts or an argument about the alleged misuse, and because his amended complaint did not state he made or exhausted a complaint with the Florida Commission on Ethics. *See* Fla. Stat. § 112.322; *State, Agency for Health Care Admin. v. MIED, Inc.*, 869 So. 2d 13, 18 (Fla. 1st DCA 2004) (requiring exhaustion of administrative remedies for agency decisions in Florida).

## III.  *Retaliation*

Section 1983 and Title VII claims "generally have the same elements of proof and use the same analytical framework" and are analyzed together. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1265 (11th Cir. 2001).[3]  To establish a *prima facie* case of retaliation, a plaintiff may show: (1) he engaged in statutorily protected expression, (2) he suffered a materially adverse action, and (3) there is some causal connection between the two events.  *Id.* at 1266.

---

[3] Jones did not expressly seek relief under Title VII and the district court concluded he was primarily relying on § 1983.  However, even if he had expressly sought relief under Title VII, his claim would fail because he did not allege he exhausted his administrative remedies. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1318 (11th Cir. 2001); 42 U.S.C. § 2000e-5.

4

Jones did not establish a *prima facie* case for retaliation with regard to not being hired in 2017. His amended complaint states only that he filed a complaint against the School District in 2008, and a nine-year gap is too attenuated to establish he would have been hired but-for his 2008 complaint. *See Thomas v. Cooper Lighting*, 506 F.3d 1361, 1364 (11th Cir. 2007) (holding a three-month interval between the protected activity and termination alone is too attenuated, as a matter of law, to satisfy the causation element of a retaliation claim).

### IV. *National Origin Discrimination*

Discrimination claims under the Equal Protection Clause require the same proof and analytical framework as Title VII. *Bryant v. Jones*, 575 F.3d 1281, 1296 n.20 (11th Cir. 2009). Where a plaintiff alleges discriminatory discharge under Title VII, he can establish a *prima facie* case by showing he: "(1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected class." *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004).

Jones makes a conclusory allegation the School District or Middle School discriminated against him because of his national origin, but fails to state any facts about his national origin, that the job he held was within his social sciences Teaching Certificate and he was thus qualified for it, or that the teacher he was replaced with was outside of his national origin. *See Cuddeback*, 381 F.3d at 1235.

5

While not alleging all of the elements of a *prima facie* case is not fatal *per se*, *see Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–11 (2002), Jones' omissions prevented his amended complaint from stating a claim upon which relief could be granted, so dismissal was warranted, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating the plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## V. *Equal Protection and Due Process*

The Due Process Clause of the Fourteenth Amendment provides no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  The Supreme Court has interpreted this clause to provide for two different kinds of constitutional protection: substantive due process and procedural due process.  *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994).  "[A]reas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because substantive due process rights are created only by the Constitution."  *Id.* at 1556.

In this circuit, "a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate

6

process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). An individual must show the state refused to provide sufficient process to remedy a procedural deprivation. *Cotton v. Jackson*, 216 F.3d 1328, 1330–31 (11th Cir. 2000). "This rule . . . recognizes that the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies . . . before being subjected to a claim alleging a procedural due process violation." *Id.* at 1331.

Jones' conclusory statement the School District was "motivated by a desire to interfere with due process" was not sufficient to state a claim for a Due Process violation. Jones has no substantive right to his employment. *See McKinney*, 230 F.3d at 1555. Moreover, Jones has not pled any of the elements showing a denial of procedural due process, nor has he shown the state had an opportunity to remedy any insufficiency in process and failed to do so. *See Cotton*, 216 F.3d at 1330–31.

Accordingly, we affirm.[4]

**AFFIRMED.**

---

[4] "Appointment of counsel in a civil case is not a constitutional right[, and is] justified only by exceptional circumstances. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Because the district court did not err in dismissing Jones' complaint and amended complaint for failure to state a claim, it did not abuse its discretion in denying Jones' motion for appointment of counsel as moot. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (reviewing a refusal to appoint counsel for abuse of discretion); *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (stating an issue becomes moot when it no longer presents a live controversy that a court can afford meaningful relief to).